# SUPERIOR COURT
### No. 759
### BECKER v. ALLEN
Cincinnati Superior Court
No. 59268. Decided July 18, 1925

1235. VERDICT—May be increased by court, where, as fixed by jury, it is inadequate. MARX, J.

Herman Becker brought his action in the Cincinnati Superior Court against Junie and Arthur Allen, d. b. a. the Allen Auto Livery, for injuries sustained by him while riding in a taxi cab of the defendants, due to the taxicab driver's negligent operation of the cab. The taxicab struck a pole with the result that Becker, sitting in the rear seat, was catapulted forward through the glass partition separating the rear seat from that of the driver's.

There was no question as to the liability, and it was admitted, so that the only question submitted to the jury was the amount necessary to compensate Becker for his pain and suffering, for any physical disability, for his loss of earnings and his hospital and doctor bill. The jury fixed the damages at $2000 and both sides asked for a new trial. Becker claimed that the verdict was inadequate. The Court held:

1. Due to the fact that Becker had a nervous breakdown previous to this accident, a shock of this character to a man of a nervous disposition would necessarily cause a relapse and considerably aggravate the condition which existed.

2. Aside from the shock to his nervous system, Becker suffered bruises on the back, pain in the stomach, cuts about the face, eyes and lips, and infection in several cuts that would necessitate further operations, besides leaving his face permanently, and noticeably disfigured until he dies.

3. According to the evidence, the hospital bill, doctor bill and actual loss of earnings amounts to nearly $1000.

4. When courts become convinced that verdicts are excessive, they have endeavored to correct the situation by ordering a new trial, unless plaintiff will agree to remit a sum sufficient to make the verdict reasonable or cure it of its excessive character.

5. The Court has as much right to cure an inadequate verdict by increasing the verdict to a reasonable sum as the court has to order a remittitur in case of an excessive verdict.

6. Having found the verdict inadequate in this case a new trial will be granted unless Allen will agree to increase the amount of the verdict by $1000.

Attorneys—Grischy & Grischy for Becker; DeCamp, Sutphen & Brumleve for Allen; all of Cincinnati.