**BRANNON, Plaintiff-Appellant, v. BOWERS, Defendant-Appellee.**
**BRANNON, Plaintiff-Appellee, v. BOWERS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 3823 & 3824. Decided January 31, 1946.

Clifford L. Rose, Columbus, for Plaintiff-Appellant in case No. 3823; and Plaintiff-Appellee in case No. 3824.

B. B. Bridge, Columbus, and Paul R. Gingher, Columbus, for Defendant-Appellee in case No. 3823; and Defendant-Appellant in case No. 3824.

## OPINION

### By MILLER, J.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The Court has for consideration two appeals, one by the plaintiff and the other by the defendant, and for this reason the parties will be referred to as plaintiff and defendant.

The action was one for damages arising out of the collision of an automobile operated by the defendant with a bicycle ridden by the plaintiff.

The record discloses that on the 16th day of July, 1943, at approximately 3:35 P. M. the plaintiff was riding his bicycle in a westerly direction on East Broad Street in the City of Columbus, Ohio, at a distance of about two to five feet from the north curb and moving in a straight lane parallel thereto. The defendant at the same time was driving an automobile in a westerly direction on said East Broad Street and there was a collision between these two vehicles. There was evidence offered on behalf of the plaintiff which tended to show that the bumper of the defendant's automobile struck the rear of the plaintiff's bicycle and as a result the plaintiff was severely injured. It was the contention of the defendant, however, that the front end of the automobile had passed the bicycle of the plaintiff and that when parallel with the plaintiff he turned his bicycle into the rear end of the defendant's automobile resulting in the injuries complained of. There was no conflict in the evidence concerning the nature and extent of the injuries. These consisted of a laceration on the back of the head; the left shoulder was injured and there was a fracture of the scapula internal to where the shoulder is formed. The body was badly bruised. The attending physician testified that he sutured the head of the plaintiff and reduced the fracture. A pad was placed in his axilla, the left arm was bound to his side so as to hold the head of the humerus to its normal position. The ultimate result of the injuries was a stiff left shoulder and an atrophy of the left arm. The attending physician testified that he did not think the plaintiff would ever regain the use of this arm; that the fracture extends into the shoulder joint or glenoid fossa where the head of the humerus fits into the joint; that he has had adhesion and has no use of the shoulder joint, and that he

will never be able to get his arm up from his side to any great extent.

The medical and hospital expenses amounted to $325.00 prior to the trial.

The following interrogatory was submitted to the jury:

"If you find that the defendant was negligent state of what that negligence consisted."

To this the jury answered:

"The defendant failed to divert his automobile so as to avoid striking the bicycle on which the plaintiff was riding."

The verdict of the jury was reduced to judgment in favor of the plaintiff and was in the amount of $750.00 and costs. The plaintiff is prosecuting error which may be summed up as follows:

1. The trial court erred in refusing to grant the plaintiff a new trial on the ground that the verdict was inadequate.

2. The trial court erred in refusing to grant plaintiff a new trial on the ground of misconduct of a juror.

As to the second assignment of error we find that the facts do not support the contention of the plaintiff. It was the contention of the plaintiff that one of the jurors made a false statement when questioned on the voir dire examination, in representing that she did not know the defendant. Affidavits have been offered attempting to show the incorrectness of this statement, but which we find to be insufficient. We therefore hold that this statement by the juror was correct.

After a careful consideration of the first assignment of error we are of the opinion that the verdict of $750.00 was grossly inadequate and against the manifest weight of the evidence. After deducting the amount of the hospital and medical expenses we find that this verdict gives the plaintiff only the sum of $425.00 to cofpensate him for the loss of the use of his left shoulder and arm for the remainder of his life, which is a period of approximately twelve years under the table of life expectancies, the plaintiff being sixty-one years of age. This would allow him approximately $35.00 per year for these permanent injuries, without making any allowance for pain and suffering. This amount appears to us to be inadequate and must have been influenced by passion or prejudice or mistake on the part of the jury.

The Ohio authorities, as well as the authorities of other states, have very generally held that a new trial should be granted on ground of inadequacy of the damages found by the jury.

The case of **The Toledo Railways Co. v Mason, 81 Oh St p 463,** was a case in which the plaintiff claimed disability for two months. The jury returned a verdict for $25.25. The Court held, syllabus 1:

"In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim."

Syllabus 2:

"On error in the circuit court to the overruling of a motion for a new trial on the ground of the inadequacy of the damages found by the jury in an action for personal injuries, the circuit court may reverse the judgment of the court of common pleas and grant a new trial on the ground that the verdict is not sustained by sufficient evidence."

Quoting further on page 466:

"There can be no doubt of the power of the court to grant a new trial where in such an action the damages are excessive. There can be no reason why the same principle should not apply where they are insufficient to meet the justice of the case."

A case very simiuar to the case at bar is found in **Rognon v City of Zanesville, 24 Oh Ap 536.** In this case a five year old plaintiff sustained injuries which resulted in the amputation of two toes. The medical expense was $62.00 and the jury returned a verdict in the sum of $362.00. Herein tne Court said:

"If the plaintiff is entitled to recover at all, then we find and hold that the verdict as returned by the jury, grossly inadequate." '

In 15 Am. Jur., p. 620, under the heading of "Excessive and Inadequate Damages" we find the following:

"A study of results reached in the reported cases seems to justify the statement that the courts generally grant relief if convinced that the verdict substantially exceeds or falls below any rational appraisal or estimate of the damages, even though the inference of passion, prejudice, partiality, or other improper notice on the part of the jury is no more natural or reasonable than the inference of mistake or misapprehension on their part."

We therefore hold, after giving careful consideration to the injuries suffered by this plaintiff, that the verdict is grossly inadequate and a new trial should be granted in case No. 3823.

The judgment is reversed and cause ordered remanded for further proceeding.

Considering now the appeal of the defendant, case No. 3824, the assignment of error being that the Court erred in not sustaining the defendant's motion for a directed verdict at the close of all the evidence in the case, and also motion for new trial, we find that there is ample evidence in the record to sustain the finding of the jury that the defendant was negligent in failing to divert his automobile so as to avoid striking the bicycle on which the plaintiff was riding.

The motions for a directed verdict and for a new trial were properly overruled and we find no merit in this assignment of error.

HORNBECK, P. J., and WISEMAN, J., concur.

Case No. 3824. Decided March 7, 1946.

On Application for Rehearing.

BY THE COURT:

Submitted on application of the defendant-appellant for a rehearing. We find nothing in this application which was not previously considered by the Court, and the same is accordingly denied.

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.

B. B. Bridge, Columbus, Paul R. Gingher, Columbus, for Plaintiff-Appellee.

Clifford L. Rose, Columbus, Richard V. Willcox, Columbus, for Defendant-Appellant.