**ABRAHAM, et, IN THE MATTER OF ADJUDICATION OF CLAIMS.**

Common Pleas Court, Trumbull County.

No. 61839. Decided July 16, 1953.

C. William O'Neill, Attorney General, Hugh E. Kirkwood, Ass't Att'y General, by Mr. Louis E. Evans, Ass't Att'y General, Columbus, On behalf of the State.

George D. Lewis, Warren, on behalf of Niles Lincoln Mercury.

## OPINION

By BIRRELL, J.

On the motion for new trial in this case only two matters were discussed in the argument; one of which was that the Verdict is not sus-

tained by sufficient evidence, and the other that the Court erred in charging the Jury before the close of the case.

With reference to the charge to the Jury before the close of the case, the Court has, many times, explained its rulings to a Jury. On a particularly strenuous objection made by Counsel for the Claimant during the argument of the State's Attorney in this case, the Court proceeded to explain to the Jury the reason for overruling the objection. The Court believes that such explanations aid the Jury in understanding the procedure, and since both the Judge and Jury join in the trial of the case, such mutual understanding promotes a better administration of justice. The mere fact that the general charge to the Jury briefly repeated the same ruling of law cannot constitute any prejudicial error. That the instruction was correct see:

**Bellevue v. Stedman, 63 Oh Ap 150, 3 syl; Smith v. Erie R. R., 134 Oh St 135, 2 syl.**

The ground on which claimant principally urged that a new trial should be granted is that the Verdict of the Jury is against the manifest weight of the evidence and is not sustained by sufficient evidence.

The Verdict determined the compensation as follows:

Value of land taken _____$1,800.00
Damage to the residue _____ 1,500.00
Rental for land used during
    construction _____ 400.00 per month
    A total of _____$12,900.00

The lowest opinion of the various expert witnesses valued the land taken at _____$1,387.00
damage to residue at _____ 1,800.00
rental value at _____ 462.00 per month
    A total of _____$14,275.00

The verdict, therefore, is for less than was the testimony of the lowest expert-witness in respect to damage to the residue and to rental values.

Defendant cites various cases hereinafter referred to and especially the following:

**Toledo Railway & Light Co. v. Mason, 81 Oh St 463; Zanesville Railroad Co. v. Bolen, 76 Oh St 376.**

and claims that these cases require the Court to set aside an inadequate Verdict and grant a new trial. It has been held that where the Verdict is manifestly against the weight of the evidence as to the amount, a new trial should be granted. **Ruman v. Smith, 48 Oh Ap 188 at 194; Merrell v. Matt, 42 Oh Ap 403; Brannon v. Bowers, 46 Abs 444.** And where the amount of the general Verdict cannot be reconciled with the evidence, or where it is apparent that the Jury failed to include all of the items of damage, the judgment may be set aside as being manifestly against the weight of the evidence. **Sherer v. Smith, 85 Oh Ap 317.**

But this Court does not find that the Verdict of this Jury in this case was manifestly against the weight of the evidence nor that the Verdict was rendered under the influence of passion or prejudice and finds nothing in the evidence to support such a determination. In fact the Jury apparently considered all of the evidence in the case, accepted

such as it determined was worthy of credit, and rejected other of the evidence as being unworthy of belief.

The greatest, and probably the most uncertain, item of evidence was that having to do with the rental value of the portion of property described under the so-called "work-agreement" which consisted of a portion of the Claimant's lands to be used during the construction period. These lands included a small portion in the rear of Claimant's garage and a small portion in the front of Claimant's garage. The rear portion was temporarily occupied by a spur-track from the railroad. The portion in front of the garage was to be used for ingress and egress to and from the garage during the period of construction. The State's attorneys suggest that the Jury may have felt, from all the evidence presented in the case, that the opinion of the expert witnesses as to the rental value of this property was excessive and in their Verdict reduced this amount accordingly. Since the lands in front of the garage were being used solely by Claimant and his own customers, it would not be surprising that the Jury wondered why the State should be paying rent for such lands. There was evidence also that in the construction of the improvement, the portion of Plaintiff's lands along the river in front of his garage was improved to such an extent that Plaintiff could make use, after the improvement, of lands which he had not been able to use before. It is possible that the Jury, in weighing the opinions of the expert witnesses as to the amount of damage to the residue, felt that by reason of these benefits, the expert opinions were inflated and not entirely worthy of belief in this particular respect. That the Jury had a right to weigh and deduct the value of special benefits from damages to the residue, see:

**Latz v. Cincinnati, 61 Oh St 272;** Batterman v. Cleveland, 18 C. C. N. S. 446, 2 Syl; **15 O. Jur., 168 pp. 859-864.**

Our Statute (§11576 GC) does not provide that inadequate damages are necessarily grounds for new trial. The Toledo Highways and Light Company v. Mason case, supra, determined only that "a new trial may be granted on the ground of the inadequacy of the damages found by the Jury when it appears, upon the facts proved, that the Jury must have omitted to take into consideration some of the elements of damage properly involved in Plaintiff's claim." This Court does not agree with Judge Lamneck's Opinion in the case of **State v. Bixler, 6 O. O. 182,** that the Light Company v. Mason case, supra, holds that "the only remedy is a new trial," where the verdict is less than the opinion evidence of the lowest witness. The Light Company v. Mason case merely affirms the right of the Court to grant a new trial under the Common law where the Verdict is not sustained by sufficient evidence. The real question to be determined in our case is whether the evidence is sufficient to sustain the Verdict, and this must be determined from all of the evidence in the case.

The proposition which is laid down by the Claimant in his argument is that the Jury could not return any Verdict at a figure below the testimony of the lowest expert witness. The Court has not been able to locate precedent on this particular subject. Practically all references to excessive or inadequate Verdicts refer to the "weight of the evidence"

which must be assumed to include all of the evidence and not necessarily the evidence merely of one class of witnesses. This Court is inclined to believe that the Jury is not restricted to the evidence of a single class of witnesses in determining the weight of the evidence, but may consider all of the non-expert witnesses' evidence in its weighing of the opinions of the experts.

On the other hand, from the standpoint of the lawyer who is presenting his evidence, the opinion of his real-estate experts is assumed to have taken into account all of the factors bearing upon both the value of the premises and also the damage to the residue. In practice this is found to be no hard and fast rule. Cross-examination of expert witnesses often discloses that they have not taken all the factors into account in the formation of their opinions. The Jury is expected to hear and take notice of such discrepancies. The expert's opinion constitutes the only evidence of value in the terms of money which has been presented to the Jury. Although they have been so instructed, Claimants argument implies that the Jury should not use their own powers of weighing and believing or disbelieving the evidence of the lowest or highest expert-witness. According to claimant these two witnesses, therefore, would be exempt from having their testimony compared with the evidence of facts and conditions which have been presented by ordinary witnesses. Where is the line of demarcation between weighing of ordinary witnesses' testimony and that of so-called expert-witnesses'? Is the Jury bound in terms of money-value by the opinions only of witnesses who have testified in terms of money, "quaeri?"

The Claimant confidently asserts that the Jury have no other evidence of value in terms of money except that of the expert witnesses. This assertion is true. Were the Jury an "assessing board" as this term is usually used, of course it would use its own judgment in determining values regardless of statements of expert-witnesses. The use of the term "appraising or assessing board" in appropriation cases is suggested by the case of **Martin v. Columbus, 101 Oh St 1, 3 Syl,** which reads as follows:

"The Jury acts merely as an appraising or assessing Board, determining the fair market value of the property from all the evidence submitted."

This paragraph clearly does not indicate that the Jury may use its own judgment outside of, or beyond, the evidence. But neither the syllabus nor the opinion indicates that the Jury are restricted to evidence of money-value alone.

Claimant places great weight on the authority of the case of Railroad Company v. Bolen, supra, wherein it is held that the view of the premises is not evidence, and he claims that the Jury would never have restricted the amount of its verdict had it not applied the information gained by viewing the premises. Whether this suggestion is an implication that one or the other side failed to present complete evidence of the conditions which the Jury observed, the Court is not required to determine. Doubtless the Jury were much better able to understand the evidence after the viewing of the premises.

In considering this point and in examining his own conscience, the Court must admit that his own consideration of the evidence in this

case may be somewhat colored by his knowledge of the premises to which the evidence relates. Had the Court not known the premises long before this case occurred, he might not be so certain that the Verdict is a proper and just Verdict. There can be no question that the "view of the premises" had its effect also upon the Jury. **But** the Statute authorizes a view of the premises. The Jury were properly instructed how such view should be considered. And there is no evidence that the instructions were not followed. Legally the suspicion that the Jury were improperly influenced by the "view of the premises" is entirely unfounded and unsupported.

What to do?

The Court believes that there is no legal basis for a new trial in this case, that the Jury rendered a just Verdict in accordance with the law and the evidence, and that if any mistakes were made by the Jury in undervaluing the evidence of the lowest expert-witness it was due to their clear understanding of the entire situation.

However, the Court feels that his own consideration of values is influenced by his knowledge of the property itself, and that doubtless the consideration of the Jury itself was so influenced. Without such knowledge presumably both the Court and the Jury would have felt bound by the testimony of the witnesses regarding money-values. And although finding the values to be at a minimum, would have restricted that minimum to the limit of the opinion of the lowest expert-witness. This is entirely an equitable or moral consideration. But this moral (?) feeling on the part of the Court does not, of itself, entitle Claimant to a new trial. Be that as it may, this Court is inclined to the belief that their view and knowledge of the premises had a greater effect upon the minds of the Jurors in influencing the amount of the Verdict than it should have had, and that the Verdict should have reflected the money-value fixed by the lowest expert-witness. That the view had such an effect is the fault of the property itself, not of the Jury (in fact the Jury should be given credit for their understanding of the entire situation). That the Court believes the lowest money-value evidence should limit the minimum Verdict is merely unfortunate for the State in this case and it does not need to consent to the Court's finding unless willing to do so.

This Court, therefore, determines that to remedy the situation, it will require the State to add to the amount of the Verdict sufficient money to pay the Claimant the amount testified to by its lowest expert-witness as being the compensation, damages, and rental occasioned by the appropriation of the property described. With this addition the Claimant will be unable to complain that the Jury "underbid" his rightful claim, or that it allowed the view of the premises to "over-ride" the evidence. The State will not have paid more than it expected to pay. And the Court will be satisfied that it has equitably solved a problem which legally it has side-stepped with the "quaeri" above mentioned.

That "additur" may be considered see the following cases:

Dernham v. Traction Co., 21 N. P. N. S. 418; **Becher v. Allen, 3 Abs 545; 23 O. L. R. 405; Railway Express Co. v. Bender, 20 Oh Ap 436; Markata v. Gas Company, 154 Oh St 546, p. 553-9.**

If, therefore, the State agrees to the rendition of judgment in favor of the Claimant for the following sums:

Value of land taken _____$ 1,800.00
Damage to residue _____ 1,800.00
Rental @ $462.00 per mo. _____11,088.00
                                          _____
Total                                     $14,688.00

the MOTION FOR NEW TRIAL WILL BE OVERRULED. OTHERWISE NEW TRIAL WILL BE GRANTED. Consent of the State must be filed within ten (10) days from filing of this Opinion.