ROWLAND, APPELLANT, *v.* SAMSHALL, APPELLEE.

[Cite as Rowland v. Samshall, 4 Ohio App. 2d 349.]

(No. 2804—Decided March 10, 1964.)

*Messrs. Scott & Ensley,* for appellant.

*Messrs. Harshman, Young, Colvin & Alexander,* for appellee.

CRAWFORD, J. This case arises out of a collision between two automobiles which occurred a little after 6:00 p. m. on October 9, 1960, at the intersection of Springboro Pike, or State

Route 741, which runs north and south, and Jomar Drive, which runs east from Springboro Pike. Plaintiff, Patricia Rowland, was driving her husband's 1957 Ford automobile northwardly in the west or left-hand of two northbound lanes on Springboro Pike. The defendant was driving his Buick automobile westwardly out of Jomar Drive and into Springboro Pike, preparatory to turning to his left or south. The two vehicles collided, injuring plaintiff and damaging the Ford.

Patricia Rowland and her husband, J. W. Rowland, are both plaintiffs and allege two causes of action. The first is for plaintiff Patricia Rowland's personal injuries and loss of wages, already incurred and which will in all probability be incurred in future, and for past, present and future pain, suffering and disability, for all of which she prays judgment in the sum of $50,000.

The second cause of action is for damages to the plaintiff J. W. Rowland's Ford automobile in the sum of $373.31.

Consolidated and tried with this case was one in which J. W. Rowland sought damages of $44,162.98, including sums expended for housework and for medical and hospital and related services, for similar future expense and for loss of his wife's services, assistance and society.

Two verdicts were returned, one for the husband, J. W. Rowland, for $1,200.00; the other for the wife, Patricia Rowland, for $1,300.00. Only the verdict and judgment for $1,300 for Patricia Rowland were entered in this case.

From this judgment "the plaintiff" appeals. The appeal is conducted as that of Patricia Rowland only. The briefs indicate that J. W. Rowland was paid the verdict and judgment in his favor of $1,200.

During their deliberations the jury asked the court whether, because of the number of parties involved, in case they returned a verdict for Mr. Rowland they should return more than one verdict. The court replied, "If you should come to the decision that both Mr. and Mrs. Rowland are entitled to damages, separate them."

Hence, we are in some quandary as to whether the one verdict returned and docketed in this case, the language of which declared it was in favor of "the plaintiff, Patricia Rowland," includes the stipulated damages of $373.71 to J. W. Rowland's

Ford automobile. It is in this case now appealed that that item of damage was alleged and prayed for. Therefore, the usual presumption of regularity would lead to the conclusion that it is included here in the $1,300 verdict.

There are two assignments of error: (1) "That the verdict of the jury was against the manifest weight of the evidence," and (2) "that the trial court erred in overruling plaintiff's motion for a directed verdict as to the contributory negligence of the plaintiff."

Assignment No. 2 may be briefly disposed of. Neither driver saw the other until just before the collision. Springboro Pike is a main thoroughfare. There is a stop sign on Jomar Drive requiring defendant to stop before entering the intersection. This he says he did. Traffic was clogged in the east of the two northbound lanes on Springboro Pike. After defendant had waited for some time, a private individual driver, not a police officer, in the east northbound lane of Springboro Pike, stopped and motioned the defendant, who is a deaf mute, to proceed.

The plaintiff, Patricia Rowland, testified that she was traveling at a speed of 20 to 25 miles per hour and that she, like the defendant, did not see the other car until immediately before the collision. Defendant alleged in his answer that plaintiff failed to keep a lookout ahead and that her own negligence contributed to cause the accident and her resulting injuries.

The issue of plaintiff's contributory negligence being thus raised, and there being such evidence bearing upon it, the question was properly one for the jury. We find the second assignment of error not well taken.

It is with the first assignment that we encounter serious difficulty. This court has recognized the principle that a new trial should be granted to relieve a plaintiff from an inadequate verdict. *Brannon* v. *Bowers* (1946), 46 Ohio Law Abs. 444.

Plaintiff Patricia Rowland's uncontradicted lay and medical evidence shows that she was a young woman, assumed to be 26 years of age, with a life expectancy of nearly 45 years; was the mother of four small girls ranging in age from three to seven years at the time of the accident; that she had been working part time at various places as a retail cashier in order to

supplement her husband's modest wages; that her injury was progressive; that, although she attempted to return to work, she was seriously handicapped and her earnings were reduced and will, in all probability, continue to be less than before the injury; and that she is less able to discharge her household duties and care for her children.

The nature of the injury sustained was a badly comminuted fracture of the left wrist. Her pain and suffering were intense for several days and nights, and severe swelling occurred and persisted for a long time. Pain and tenderness still continue. The arm is sensitive to any blow or jar. The width of the wrist joint has been reduced and continues to become more narrow. The joint surface itself was fractured and is no longer smooth; it has become more dense and is affected by sclerotic and arthritic changes. The tip of the ulna or small bone at the wrist remains slightly more prominent than before. The flexion and extension of the wrist at the time of trial in March 1963 remained only 50 per cent of normal, and the wrist and hand are both seriously weakened. The pain can be relieved only by surgery, which would remove the cartilage and effect a fusion or complete stiffening of the wrist joint.

Questions of the adequacy of verdicts are susceptible of a wide variety of opinion. Great difficulty attends the determination as to when an award falls below reasonable limits. However, the sum of $1,300 is a shockingly slender compensation for so grievous an affliction as that suffered by plaintiff, Patricia Rowland.

In this particular case we are afforded a certain basis of comparison with the verdict, almost as large, which was given to the husband. Neither side appealed that judgment. As previously observed, the briefs indicated that it was paid. It is to be inferred that both sides considered that amount reasonable for him. If it was, the nearly equivalent amount arrived at by the jury as compensation to the party who undergoes the suffering and sustains the very uncomfortable and permanent disability appears unreasonable.

If, as suggested above could be the case, the verdict of $1,300 includes the stipulated damages of $373.71 to the husband's automobile, the remainder granted for all of plaintiff Patricia Rowland's claims is pitifully small.

Defendant suggests that the existence of a dispute as to liability is a proper element to be considered in determining whether or not a verdict is to be upset for inadequacy. No convincing authority is cited. Such a theory must be rejected in this state where the doctrine of comparative negligence does not apply. The jury must first determine the issue of liability. Only after it has found liability to exist is it permitted to consider the amount of damages. These must be assessed, as the court here charged, on the basis of making the plaintiff whole. Their amount must be uninfluenced by any lingering doubt as to liability.

There was no motion for a new trial. In one sense it is regrettable that such a motion is no longer a prerequisite to raising the question of adequacy of damages on appeal. Section 2321.01, Revised Code. It is an issue to be determined upon the weight of the evidence and is, under that section, appealable without a motion for a new trial having been made. It would seem that in fairness to the parties and to the trial judge, he should have had an opportunity to pass upon this question. Inasmuch as the record indicates that he did not have that opportunity, the reversal of the judgment which we feel compelled to enter signifies no disagreement with or reversal of any decision made or action taken by the trial judge.

The judgment will be reversed and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

Kerns, P. J., and Sherer, J., concur.