## SALISBURY v. FRANK, ADMR., ETC.

*Master and servant—Family relationship, when created—Right to recover on implied contract.*

The fact that a woman lives in the home of a man and performs services for him does not create a family relationship, where the parties are not of blood kin and not related by intermarriage. Under such circumstances there may be a recovery for services rendered under an implied contract.

(Decided January 29, 1917.)

ERROR: Court of Appeals for Richland county.

*Mr. Van C. Cook,* for plaintiff in error.

*Mr. James P. Seward,* for defendant in error.

POWELL, J. The parties to this proceeding hold the same relative position in this court that they held in the court below; the plaintiff in error having been plaintiff and the defendant in error having been defendant in that court.

The action was commenced by the plaintiff, Lina Salisbury, to recover compensation for services rendered by her to one Louis Frank, deceased. She sets out in her petition two causes of action. The

first is for services rendered as housekeeper for the said Louis Frank from November 1, 1913, to September 1, 1914, in the total sum of $217. For her second cause of action she seeks to recover judgment for the value of services rendered by her as housekeeper and nurse for the said Louis Frank from September 1, 1914, to the time of his death, May 27, 1915, in the sum of $577; making a total of $794 in said two causes of action for which she asks judgment.

The answer does not deny the rendition of the services by plaintiff to the said Louis Frank, or the value claimed for them.

The defendant seeks to defeat a recovery upon the ground that the plaintiff became, and was at the time the said services were rendered, a member of the family of the said Louis Frank, and that by reason thereof she could not recover for services rendered except upon an express contract alleged and proved. There was no express contract alleged in the petition, but suit is brought upon an implied contract. There is no other defense set up. There is, however, a denial of indebtedness of the amount claimed. This is only a denial of a legal conclusion and does not amount to a defense to the cause or causes of action set out in the petition.

A reply was filed by plaintiff in the nature of a general denial, excepting that in her reply she admitted the payment to her of the sum of $85 by the said Louis Frank in his lifetime, which should be credited on the amount sued for by her; but she denies each and every other allegation in the answer set forth.

Trial was had upon the issues thus made, resulting in a verdict of $1 for the plaintiff. A motion for new trial was made and overruled, a bill of exceptions was taken embodying the entire testimony and the charge of the court, and the case was brought into this court by petition in error for review.

We have carefully examined the entire record, with all the exceptions and objections thereto taken and filed, and the authorities cited by counsel in their briefs.

Upon such examination we have arrived at the opinion that the testimony presented does not sustain the averments of the answer; and, further, that the relationship that existed between Louis Frank in his lifetime and the plaintiff was not a family relationship. It was only the ordinary relationship of master and servant, or employer and employe.

The evidence shows that they were not of blood kin and were not related by intermarriage, so that if any family relationship existed it must have been by operation of law and have grown out of the fact that she lived with the defendant and performed services for him.

The court finds that the relationship that did exist was not a family relationship, and that such relationship as was shown is not a defense against the claim of plaintiff as set forth in her petition.

At the time plaintiff entered into his employment the said Louis Frank, deceased, was without any family relationship. His wife was dead, his two sons had abandoned his home, and he was the only occupant of his dwelling-house. Under these

circumstances plaintiff entered his home and became his housekeeper. She occupied this position from November 1, 1913, to September 1, 1914, when by reason of illness and failing health said Louis Frank became in need of the services of a nurse, and these services were rendered for him by the plaintiff until his death, May 27, 1915. If plaintiff occupied any other relationship toward said decedent than that of housekeeper and nurse, during the period mentioned, both the pleadings and the evidence fail to show it.

It is said that she was a member of his family, and therefore not entitled to compensation for services without an express contract. Any domestic or servant is a member of her employer's family in the same sense that plaintiff was a member of decedent's family.

Defendant attempted to show by the evidence that an immoral relationship existed between plaintiff and decedent.

This the court thinks should not have been permitted, as nothing of that kind is alleged or set forth in the pleadings, and, while it is the law that immoral considerations of the character claimed to exist are not such considerations as will sustain an action, a party in order to avail himself of such defense must allege and prove that they exist. This was not done and no such claim appears in the pleadings. The testimony shows that plaintiff's services were of the value alleged by her, and that only the ordinary value or price of such services in this community was sought to be recovered by her.

We think "the laborer is worthy of his hire" and that the amount returned by the jury was inadequate and the verdict should be reversed and set aside.   Section 11576, General Code, Subsection 5.

The court is of the opinion that the court below erred in not sustaining the motion for a new trial, for the reasons set forth in said motion.

The judgment of the court of common pleas will be reversed, and the cause remanded for a new trial and such other proceedings as are authorized by law.

*Judgment reversed, and cause remanded.*

SHIELDS and HOUCK, JJ., concur.