ROGNON, AN INFANT, v. CITY OF ZANESVILLE.

*Negligence—New trial for inadequate verdict for personal injuries to child—Excessive or inadequate verdicts subject to court's supervision—Child injured playing on city road grader—Prejudicial error to charge upon liability to trespasser where issue attractive nuisance—Question for jury whether road grader unguarded an attractive nuisance.*

1. Verdict of $362 for injuries to 5 year old boy, requiring amputation of two toes, *held* grossly inadequate so as to require granting of new trial.
2. Verdict of jury is subject to supervision of court when too large or too small.
3. In action for injuries to child playing on road grader, charge, that if plaintiff was trespasser verdict for plaintiff would require finding of willful and wanton negligence by city officers in placing road grader there, *held* erroneous and prejudicial where issue was whether grader was an attractive nuisance, not whether plaintiff was trespasser.
4. In action for injuries to child while playing on city road grader left in street, question whether road grader at time of accident was unguarded and an attractive nuisance was one of fact for jury.

(Decided December 14, 1926.)

ERROR: Court of Appeals for Muskingum county.

*Mr. E. B. Graham,* for plaintiff in error.
*Mr. T. F. Thompson,* for defendant in error.

HOUCK, J. In this case error is prosecuted here from the common pleas court of Muskingum county. The parties stand in this court in the same relative position as in the court below, and hereafter will be referred to as plaintiff and defendant.

The plaintiff, Robert Rognon, an infant of the age of 5 years, was injured on the 4th day of May,

1925, by a road grader that was left by the employees of the city of Zanesville at the junction of Blue avenue and Pearl street in that city. Soon after the machine was left there plaintiff with some other children, was playing upon said road grader and plaintiff caught his toes in its wheels, mashing his first toe, commonly called the big toe, and his second toe. Both toes had to be amputated. Plaintiff filed suit in the common pleas court, asking damages in the amount of $10,000 plus a $62 medical bill that was incurred upon account of such injury. Defendant filed an answer, and the case was submitted to a jury on the evidence, which found for the plaintiff in the sum of $362. Plaintiff in error and defendant in error filed motions for new trials, which were overruled.

We have read the record and examined the authorities cited by counsel. A lengthy discussion of the facts we do not deem necessary; and the law as to them, it seems to us is well settled.

Under the record we are bound to and must reverse the judgment below upon two grounds:

First: Inadequacy of the damages found by the jury.

The injuries are conceded, as well as the extent of same. If the plaintiff is entitled to recover at all, then we find and hold the verdict, as returned by the jury, grossly inadequate.

The following case is directly in point: *Toledo Rys. & Light Co.* v. *Mason,* 81 Ohio St., 463, 91 N. E., 292, 28 L. R. A., (N. S.), 130, the syllabus reciting:

"In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the

jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim.''

It is a well-settled rule of law that the verdict of a jury is subject to the supervision of the court —whether too large or too small.

Second: The court, in its charge, gave the following:

''If you find from the evidence in this case that the plaintiff was a trespasser on the premises where the road grader in question was placed, in order for you to return a verdict for plaintiff you must find that the defendant, by its officers or employees, was willfully or wantonly negligent in placing said road grader there, and that such negligence was the proximate cause of the injury complained of. This rule whether it is children or adults applies.''

This charge is erroneous and prejudicial to the rights of plaintiff. It does not state the law applicable to the case on trial, as raised by the pleadings and made by the facts, and is misleading and highly prejudicial, because the real issue of fact is and was whether or not the road grader was ''an attractive nuisance,'' and not whether the plaintiff was a trespasser.

It was conceded by counsel for plaintiff and defendant, in oral argument, that, under the proof, at the time the injuries were received by plaintiff, and for which damages are sought, the road grader was not standing on premises or lands owned by or under the control of the city of Zanesville.

Passing the question as to whether or not under the facts the plaintiff was or could be chargeable in law as a trespasser, the outstanding question of

fact to be passed upon and determined by the jury, under the issues raised by the pleadings and the evidence, still remains: Was the road grader, at the time of the accident, unguarded and "an attractive nuisance?"

A further discussion of the law and evidence, as we view it, seems unwarranted. Therefore, upon the grounds stated and for the reasons herein set forth, the judgment of the common pleas court must be reversed.

*Judgment reversed.*

SHIELDS, J., and SAYRE, J., (of the Fourth Appellate District, sitting in place of LEMERT, J.), JJ., concur.