GREER, ADMR., *v.* BOARD OF COMMISSIONERS OF KNOX COUNTY.

540

(Decided December 29, 1927.)

*Mr. Burch B. Ferenbaugh,* for plaintiff in error.
*Mr. Jay S. McDevitt,* prosecuting attorney, and
*Mr. Columbus Ewalt,* for defendant in error.

Houck, J. This case comes into this court on error from the common pleas court of Knox county, where the plaintiff in error, James A. Greer, administrator, recovered a judgment against the defendant in error in the sum of $1.00 for damages alleged to have been caused plaintiff by reason of an accident wherein plaintiff's decedent was killed. Suit was for $30,000. The parties hereafter will be referred to as plaintiff and defendant.

The case was tried below to a jury from Delaware county, and the trial consumed five days, resulting in a verdict for the plaintiff in the said sum of $1.00.

Decedent was a young man 22 years of age. Decedent's parents and brothers and sisters survive.

While numerous grounds are stated in the petition in error, as reasons for a reversal of the judgment entered below, yet but one claimed error was urged in oral argument, to wit: "That the judgment is inadequate and against the manifest weight of the evidence."

This action was instituted under favor of Section 10772, General Code, which reads:

"Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused:

"It must be brought in the name of the personal representative of the deceased person and the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought."

The verdict of the jury was as follows: "We, the jury, being duly impaneled and sworn find the issues, in this case, in favor of the plaintiff and assess the amount due to the plaintiff from defendants, the said The Board of County Commissioners of Knox County, Ohio, at the sum on One Dollar ($1.00)."

The legal effect of such verdict, as it appears to us, is:

(a) That the defendant was negligent and the same was the proximate cause of the death.

(b) That the decedent committed or omitted no act or acts on his part, which caused his death.

(c) That the damages awarded the plaintiff ($1.00) are adequate.

"Where an issue of fact is submitted to a jury, and, by their verdict, they find for the plaintiff or

defendant, such verdict is to be regarded as a finding upon the issue joined between the parties.''
*Fries* v. *Mack,* 33 Ohio St., 52.

Learned counsel for the defendant in their brief say: ''We must remember that this jury was composed of residents of another county (Delaware), that they sat for five long days and listened carefully to all the testimony, that they had the opportunity of seeing all the witnesses and weighing their testimony, and if they felt that there was a liability on the part of the defendants and that the relatives had been damaged there was no reason why they would not have so found. There can be no other inference from the verdict than that the jury found that there was no liability and simply became more than generous and returned the dollar verdict that the costs might be paid.''

We cannot acquiesce in this line of reasoning, and the conclusion reached by counsel for defendant.

It certainly will not be seriously disputed that the jury by its verdict found that the defendant was negligent in some one or more of the particulars charged in the amended petition, and that such negligence was the direct and proximate cause of the death of plaintiff's decedent.

The jury did not find that the death was caused directly or indirectly by decedent's own carelessness and negligence; and by this verdict it did not find that he was guilty of any negligence directly contributing to his death. Yet under these findings a verdict of only $1.00 was returned for the death of Richard Dale Vincent, a young man of twenty-two years and in good health.

The case before us may be clearly stated: If the

defendants were negligent and decedent's death was caused as a direct and proximate result thereof, while in the exercise of due care, then a recovery should be had by plaintiff to fully and completely compensate the beneficiaries of Richard Dale Vincent for such death directly resulting from said negligence.

The jury by its verdict found the plaintiff should recover, and the trial judge by sustaining it thereby approved same.

If the record is truthful, and we believe it is, then the defendant is satisfied with the verdict of the jury, because no motion for a new trial was filed in the court below and no cross-petition in error filed here by the defendant.

Is the verdict and judgment for $1.00, in a death claim such as the one now in review, adequate and sufficient, and is it responsive to the record facts and the law pertinent to them?

In the books we find that damages are defined as the pecuniary compensation, recompense, or satisfaction for an injury sustained, or, as sometimes expressed, the pecuniary consequences which the law imposes for the breach of some duty or the violation of some right.

It is a sound and just principle that, where one wrongfully or negligently does an act which in its consequences is injurious to another, he is liable for the damage caused by such wrongful act.

Only nominal damages were allowed. It is usual, where nominal damages are awarded, that the amount is fixed at $1.00, as in this case.

This is a death claim, and it is hard to conceive how a jury, under the facts before it, and after it

had found all of the issuable facts in favor of the plaintiff, could have reached the conclusion that $1.00 was the full and just amount due the beneficiaries of the decedent. Certainly the rights of those entitled to be compensated for the negligent and unlawful taking of the life of Richard Dale Vincent were either ignored or lost sight of.

We can derive no benefit from an attempt to speculate upon how the jury reached its verdict. What was said and done in the jury room, or what was in the minds of the jury, we do not know. Nevertheless it did return a verdict for $1.00 as the full and complete recoverable damages for the unlawful death of plaintiff's decedent.

Learned counsel for the defendant urge in their brief:

"We insist that upon a careful reading of the evidence, in this case, there was none upon which a jury could render a verdict for damages.

"In this case there is no evidence that the deceased ever furnished any financial aid to parents or brothers," etc.

Our reading of the evidence does not lead us to concur in the statements thus made, but rather leads to the contrary.

The proven facts, when measured by the rules of law laid down in the first syllabus of the case of *Cincinnati Street Ry. Co.* v. *Altemeier, Admr.,* 60 Ohio St., 10, 53 N. E., 300, clearly satisfy us that the verdict of the jury fell far short of satisfying the proof. That syllabus reads:

"While in the trial of a case for causing death by wrongful act, neglect or default, under Sections 6134 and 6135, Revised Statutes, the recovery is lim-

ited to the pecuniary injury resulting from such death to the beneficiaries, and nothing can be allowed on account of bereavement, mental suffering, or punitive damages, yet any evidence which tends to show the amount of such pecuniary injuries sustained by such beneficiaries, or which tends to show that such beneficiaries received financial aid from the deceased during his lifetime, and that they would likely have continued to receive such aid, had he lived, is competent. And for the purpose of showing that such beneficiaries needed and would likely have received such aid from the deceased, the circumstances, age, health and means of support of the beneficiary, if a parent or next of kin of the deceased, as well as the age, health, disposition and thrift of the deceased may be shown.''

We also cite the following cases as being directly in point with the question here raised: *Ochsner, Admr., v. Cincinnati Traction Co.,* 107 Ohio St., 33, 140 N. E., 644; *Kennedy, Admr., v. Byers,* 107 Ohio St., 90, 140 N. E., 630; *Ellis* v. *Twiggs,* 17 C. C., N. S., 172, 32 C. D., 96; *Paragon Refining Co.* v. *Higbea, Admr.,* 22 Ohio App., 440, 153 N. E., 860; and *Steel, Admr.,* v. *Kurtz,* 28 Ohio St., 191.

We come now to the actual question for solution: Can and should a court grant a new trial where the verdict of the jury is too small, or has a reviewing court authority to reverse a judgment because it is inadequate? The rule as stated in a footnote in 47 L. R. A., on page 41, is:

''There is no inexorable rule of practice precluding the granting of a new trial on the ground of the smallness of the damages; and where the smallness of the damages shows that the jury may

have made a compromise, and instead of deciding the issue submitted to them have agreed to find for the plaintiff for nominal damages only, a new trial will be granted, such a case being the same in effect as if the jury had been discharged without a verdict. *Beattie* v. *Moore,* Ir. L. R. 2 Eq. 28; *Kelly* v. *Sherlock,* L. R. 1 Q. B. 697, 6 Best & S. 480, 35 L. J. Q. B. N. S. 209, 12 Jur. N. S. 937; *Falvey* v. *Stanford,* L. R. 10 Q. B. 54, 44 L. J. Q. B. N. S. 7, 23 Week. Rep. 162, 31 L. T. N. S. 677.''

Our Ohio Supreme Court, in the case of *Toledo Railways & Light Co.* v. *Mason,* 81 Ohio St., 463, 91 N. E., 292, 28 L. R. A. (N. S.), 130, held:

''1. In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim.

''2. On error in the circuit court to the overruling of a motion for a new trial on the ground of the inadequacy of the damages found by the jury in an action for personal injuries, the circuit court may reverse the judgment of the court of common pleas and grant a new trial on the ground that the verdict is not sustained by sufficient evidence.''

See, also, *Schendel* v. *Bradford, Admr.,* 106 Ohio St., 387, 140 N. E., 155, and *Rognon* v. *City of Zanesville,* 24 Ohio App., 536, 157 N. E., 299.

We recall that in oral argument defendant's counsel urgently contended that, on the adduced facts, the jury should have returned a verdict for the defendant, and the verdict of $1.00 was in substance

and effect such. That it took the form it did was simply to save the plaintiff from paying the costs in the case.

If this be true, then it is well that we have reviewing courts with power and authority to supervise verdicts of juries. This is especially so in view of the fact that the jury found affirmatively in favor of the plaintiff on all of the issues raised by the pleadings and the evidence offered in the case, and then fixed the damages due plaintiff in the sum of $1.00.

Under the authorities herein cited, it seems to be well settled, not only in Ohio, but other jurisdictions, that a new trial may be granted for inadequacy of the verdict, as well as on the ground that the verdict is excessive. We further hold that, where the verdict of a jury and the judgment entered on it are so grossly inadequate as to shock one's sense of justice and fairness—after it is found from the record facts that a recovery should be had—it is the bounden duty of a reviewing court to set aside the verdict and grant a new trial.

We are unanimous in our conclusion that the verdict and judgment now under review are inadequate and insufficient under the evidence. It follows that the judgment of the common pleas court should be reversed, for the reason that it is inadequate and against the manifest weight of the evidence.

Judgment reversed, and cause remanded to the common pleas court for a new trial.

*Judgment reversed.*

SHIELDS and LEMERT, JJ., concur.