Weygandt, C. J.
 

 At the threshold of this discussion propriety prompts a word in commendation of the short but wholly adequate and helpful briefs filed by counsel. That furnished on behalf of the appellant consists of approximately eight and one-half pages, while the one prepared for the appellee covers nine and one half. There is a notable absence of repetition in any form — especially quotation of authorities merely cumulative. Moreover, the sentences, too, are terse, readable, cogent and therefore free from the ambiguity and ineffectiveness inherent in labored multiplication of words.
 

 Section 11577, General Code, provides that the “same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case.” Did the trial court transgress this statute in this case?
 

 
 *497
 
 Concededly the second motion for a new trial was granted on the ground that the verdict of the jury was against the weight of the evidence. But what about the first motion? The defendant insists and the plaintiff denies that the weight of the evidence was involved. The language of the trial court was that the verdict was “so inadequate as to warrant the granting of a new trial.” Specifically, did the determination of the adequacy of the verdict require the trial court to weigh the evidence? If so, the court was without authority to grant the second motion since such action is prohibited by the foregoing statute enacted under Section 4 of Article IY of the Constitution of Ohio, which provides that the “jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.”
 

 The defendant relies upon the first paragraph of the syllabus in the decision of this court in the case of
 
 Schendel
 
 v.
 
 Bradford, Admr.,
 
 106 Ohio St., 387, 140 N. E., 155, which reads as follows:
 

 “In actions for wrongful death the amount of pecuniary injuries sustained is an issuable fact, and, when denied, must be determined from the evidence peculiar to each case. If the damages are found to be excessive by a reviewing court, such finding involves the weight of the evidence.”
 

 Likewise, in the course of his opinion in that case, Judge Jones observed that when “a court finds that the damages are excessive it can only determine that fact from the weight or sufficiency of the evidence.” Clearly this reasoning is correct and is applicable in determining the inadequacy as well as the excessiveness of the amount of a verdict.
 

 In the plaintiff’s first motion for a new trial she mentioned inadequacy in but one ground — the third— in which she complained that “the verdict is so inadequate and insufficient as to show bias and prejudice on the part of the jury.” However, the motion was not granted on this ground, inasmuch as the court made no
 
 *498
 
 finding of bias or prejudice. The only other pleaded ground upon which inadequacy could have been predicated was the second in which it was urged that the verdict was against the manifest weight of the evidence. But the plaintiff insists that the trial court possessed inherent power under the common law to grant
 
 sua sponte
 
 a new trial on grounds other than those provided by statute and enumerated in the motion; and she contends that among these additional common-law grounds is that of inadequacy irrespective of bias, prejudice or the weight of the evidence. Assuming without deciding the correctness of the plaintiff’s theory as to additional non-statutory grounds for a new trial, the inescapable difficulty remains that when, as in this case, the amount of the damages is in issue, a determination of the question of inadequacy or excessiveness of the verdict necessitates an examination and weighing of the evidence. In the discharge of its constitutional duty to fix the jurisdiction of the Court of Common Pleas, the General Assembly has provided that this may not be done twice against the same party in the same ease. Therefore, after the trial court had granted the plaintiff’s first motion for a new trial on the weight of the evidence, that court was without authority to grant the plaintiff’s second motion on the same ground.
 

 The judgment of the Court of Appeals affirming the action of the Court of Common Pleas is erroneous and must be reversed. The cause is remanded to the Court of Common Pleas with instructions to enter judgment upon the verdict of the jury.
 

 Judgment reversed and cause remanded.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.