SHERER, APPELLANT, *v.* SMITH, APPELLEE.

318

(No. 310—Decided May 16, 1949.)

*Messrs. Newcomer & Newcomer,* for appellant.
*Messrs. Gebhard & Hogue,* for appellee.

CONN, J. This is an appeal by plaintiff from a judgment of $350 entered in his favor in the Common Pleas Court. The action grew out of a collision between the motor vehicles of plaintiff and defendant on November 28, 1945, at the intersection of Monroe and Main streets in the village of Montpelier, Ohio.

The issues were made up by the petition of plaintiff, answer and cross-petition of defendant and the reply and answer of plaintiff.

It is admitted in the pleadings, or shown by the evidence, that plaintiff was operating his motor vehicle north on Monroe street and approaching the intersection of that street with Main street at the same time the defendant was operating his motor vehicle west on Main street and approaching such intersection; and that a collision occurred between the motor vehicles of the parties and each vehicle sustained damage. Plaintiff received certain personal injuries, to wit, cut on left wrist, severing of artery with consequent loss of blood and injuries to his right arm, shoulder and back.

It appears further that immediately following his injury plaintiff was taken to a physician and later to a hospital, and that as a result of his injuries plaintiff sustained a partial and permanent loss of function in his left hand, to wit, partial loss of gripping power and some limitation of movement of the wrist.

Plaintiff testified that immediately previous to his injuries and for a long time prior thereto he had been employed by the Wabash Railroad Company, at Montpelier, Ohio; that by reason of the loss of function in his left hand and wrist he was unable to perform his customary labor; that his injuries were painful; and that he has continually suffered pain in his left hand and wrist and some loss of sensation.

The jury returned a verdict in favor of plaintiff for $350, on which judgment was entered. Plaintiff appeals on questions of law.

Taking up first the alleged error in the general charge of the court, it appears that in his general charge to the jury the court commented on the subject of insurance, as follows:

"If you find for the plaintiff you should not diminish his damages by reason of the fact, if it be a fact, that his expenses or a part thereof, were taken care of by any insurance or hospital benefits. Further, there is no evidence whatever in this case that either party had insurance of any kind and any reference to insurance during the trial or in the arguments of counsel should be entirely disregarded by you."

Plaintiff testified that deductions from his wages were regularly made by his employer to provide a benefit fund for plaintiff to be used in defraying any medical and hospital expenses he might incur, and that in the instant case his medical and hospital expenses were paid by the employer out of this fund. Plaintiff claims that since the benefit funds for medical

and hospital expenses were created by deductions from his earnings, such benefits thus accruing to plaintiff were in the nature of insurance, and that the court in "giving any instructions relating to insurance" should have pointed this out to the jury and so instructed it.

We do not find any authorities in support of the contention of plaintiff that the Wabash Railroad Company in setting up the plan creating the medical and hospital fund for the benefit of employees of that company was engaged in the business of insurance within the contemplation of the provisions of the statutes of this state or that the contract of membership of plaintiff was a contract "substantially amounting to insurance."

The court correctly charged the jury that, if plaintiff was entitled to recover, his damages should not be diminished by reason of the hospital benefits he might have received. *Klein* v. *Thompson*, 19 Ohio St., 569; *Gries* v. *Zeck*, 24 Ohio St., 329; *McDowell* v. *Rockey*, 32 Ohio App., 26, 167 N. E., 589; *Ohliger* v. *City of Toledo*, 20 C. C., 142, 10 C. D., 762; *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.*, 120 Ohio St., 394, 166 N. E., 368; 13 Ohio Jurisprudence, 204, 206, Sections 113, 115.

It does not appear that the charge complained of was prejudicial to plaintiff, and this assignment of error is not sustained.

The second error assigned is that the verdict is grossly inadequate and for this reason is against the weight of the evidence.

The statutory grounds for a new trial enumerated in Section 11576, General Code, do not specifically include inadequacy of verdict. However, subdivision 6 of that section provides that a new trial may be grant-

ed on application of the aggrieved party when the judgment "is not sustained by sufficient evidence." Furthermore, it may be noted that the statutory grounds for which new trials may be granted are not deemed to be a limitation on the inherent power of the courts to grant new trials in furtherance of justice or to prevent injustice. *Brenzinger* v. *American Exchange Bank of Duluth*, 19 C. C., 536, 10 C. D., 775; 30 Ohio Jurisprudence, 31, Section 3.

The jury returned a general verdict for plaintiff and by its verdict determined that the injury and loss sustained by plaintiff resulted proximately from the negligence of the defendant.

The evidence disclosed that plaintiff received medical attention and was hospitalized for a period of two weeks; that the reasonable value of the services of the physician was $15 and that of the hospital was $10 to $12 per day; and that plaintiff's automobile was of the reasonable value of $200 before the collision and "about fifty" dollars after the collision.

Plaintiff testified that upon being discharged from the hospital he was unable to return to work and perform the labor incident to his job; that ever since his injuries he has suffered pain; that at the time he was injured he was earning $9.08 per day; and that he returned to work on April 23, "which would be about 145 days from the accident until that time."

The medical testimony tended to establish that plaintiff has some limitation of motion at the wrist joint and some loss of gripping power of the left hand, and that these limitations of the use of the wrist and the hand are permanent.

It requires merely a simple calculation to demonstrate that the amount of the verdict and judgment thereon is inadequate to compensate plaintiff for medi-

cal and hospital expenses, loss of wages during the time he was in the hospital and property damage. This calculation does not embrace such further loss of wages, as plaintiff's evidence tends to show he may have sustained, or any award for pain and suffering or partial loss of use of left hand and wrist.

The issue of inadequacy of verdict has had the consideration of the courts of this state in a number of cases through the years. Among the earlier cases which we have examined is *Dougherty* v. *Gilbert* (1816), Tappan, 6, where it was held in a case of trespass and false imprisonment:

"4. The court has power to grant new trials for excessive small as well as large damages."

Of the subsequently reported cases in this state, involving such issue, we cite the following: *Toledo Rys. & Light Co.* v. *Mason*, 81 Ohio St., 463, 91 N. E., 292, 28 L. R. A. (N. S.), 130; *Salisbury* v. *Frank, Admr.*, 7 Ohio App., 454; *Rognon* v. *City of Zanesville*, 24 Ohio App., 536, 157 N. E., 299; *Greer, Admr.*, v. *Board of Commrs.*, 33 Ohio App., 539, 169 N. E., 709; *Brannon* v. *Bowers*, 65 N. E. (2d), 676, 46 Ohio Law Abs., 444; *Bailey* v. *Cincinnati*, 12 Dec. Rep., 225; *Ferrich, Admx.*, v. *Mellas*, 139 Ohio St., 495, 40 N. E. (2d), 908. See 30 Ohio Jurisprudence, 133, Section 83; 15 American Jurisprudence, 663, Section 231; 25 Corpus Juris Secundum, 912, Section 196.

It appears to be well settled in this state that where the inadequacy of the verdict is so gross as "to shock the sense of justice and fairness," or where the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or where it is apparent that the jury failed to include all the items of damage making up plaintiff's claim, the judgment entered on such verdict may be set aside by a reviewing court

as being manifestly against the weight of the evidence and contrary to law. *Toledo Rys. & Light Co.* v. *Mason, supra*; 2 Ohio Jurisprudence (App. Rev., Pt. I), 1660, Section 877.

Although in the instant case the amount of the verdict may not be shocking, yet it is clear that it cannot be reconciled with the damage and loss plaintiff sustained.

The jury having found for plaintiff and that he was entitled to recover, it is our opinion that, on the undisputed evidence as to the extent of loss sustained by plaintiff and the character of plaintiff's injuries, the finding and judgment are manifestly against the weight of the evidence, and that the judgment of the trial court should be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CARPENTER and FESS, JJ., concur.