## Norris v. Barker

*[Cite as 4 AOA 227]*

Case No. 673
Monroe County, (7th)
Decided June 6, 1990

*Allan Sherry, 316 South Main Street, Woodsfield,
Ohio 43793, for Plaintiff-Appellant.*

*Paul T. Theisen, P.O. Box 739, 424 Second Street,
Marietta, Ohio 45750, for Defendant-Appellee.*

O'NEILL, P.J.

This cause originated in the trial court when
the appellant filed a complaint alleging that the
appellee had negligently operated an automobile,
striking the plaintiff, knocking her to the ground
and causing her to sustain severe permanent and
disabling injuries that required medical treat-
ment. The prayer of the complaint was for the
amount of $50,000.00. The cause eventually
came on for trial and, prior to trial, the appellee
admitted liability for the accident.

Dr. Michael A. Baum, a medical doctor, was
called as a witness in behalf of the appellant. Dr.
Baum testified that he treated the appellant for
her injuries suffered in the accident. It was his
diagnosis that the appellant, as a result of the
accident, suffered from multiple contusions,
abrasions, cervical strain, neck strain and back
strain (Tr. 104). Dr. Baum went on to testify that,
as a result of the accident and these injuries, in
his opinion, it was necessary that the appellant

incur expenses involved in x-rays, hospitalization
and physical therapy. During her treatment by
Dr. Baum, the appellant incurred the expenses of
$142.00 for x-rays by Mandrake X-Ray, Inc.,
Barnesville, Ohio; $471.05 to the Barnesville
Hospital Association, Inc.; and $217.00 to the
Barnesville Medical Center, Inc.; for a total of
$830.05. Neither Dr. Baum's expert opinion nor
the expenses incurred were contradicted at trial.

During their deliberations, the jurors sent a
question to the trial judge:

"Q. Did Mrs. Kirkbride get a insurance
settlement from Mr. Barker?" (Tr. 180).

The trial judge proposed that he would
answer this question by stating:

"The question you have asked is not rele-
vant to the issues and therefore cannot be an-
swered." (Tr. 182).

The appellant objected to this, contending
that it was counsel's feeling that the answer
posed by the trial judge gave the jury the feeling
and the impression that the plaintiff had re-
ceived some funds, some monies for her injury
(Tr. 82). The trial judge overruled appellant's
objection and answered the question as he had
originally recommended the answer to be. Subse-
quently, the jury returned a verdict assessing
damages in the amount of $500.00 in behalf of
the appellant. A timely notice of appeal was filed
with this court.

Under the circumstances and the evidence,
the verdict of the jury certainly cannot be recon-
ciled with the items of damage which made up
the appellant's claim. Where it is apparent that
the jury failed to include all the items of damage
making up plaintiff's claim, the judgment en-
tered on such verdict may be set aside by a
reviewing court as being manifestly against the
weight of the evidence and contrary to law. *The
Toledo Railway & Light Co.* v. *Mason* (1910), 81
Ohio St. 463. The *Toledo Railways* theory was
cited as authority by the Court of Appeals for
Williams County. In its ruling, in Syllabus 2, of
*Sherer* v. *Smith* (1949), 85 Ohio App. 317, that
syllabus reads as follows:

"In an action to recover damages, where the amount of the general verdict for plaintiff cannot be reconciled with the undisputed evidence in the case, or where it is apparent that the jury failed to include all the items of damage making up plaintiff's claim, the judgment entered on such verdict may be set aside by a reviewing court, as being manifestly against the weight of the evidence and contrary to law."

This court has repeatedly adopted and approved the law of *Sherer* v. *Smith* in the unreported cases of *Edge* v. *Lightner* (C.A. 7, 1981), Case No. 80-B-2, Unreported; *Proctor* v. *Smith* (C.A. 7, 1987), Case No. 85-C-53, Unreported; *Parcell* v. *Doe Miller & Sons, et al* (C.A. 7, 1987), Case No. 86-B-4, Unreported.

*Judgment reversed and*
*cause remanded.*

COX, J., and GWIN, J., concur.