DECISION AND JUDGMENT ENTRY
A Jackson County Court of Common Pleas jury awarded Jill Eisnaugle twenty-five thousand dollars and her parents, Al and Diana Eisnaugle, six hundred dollars on their claims arising from injuries Jill received when she slipped and fell at the McDonald's restaurant operated by Robert Munn in Jackson, Ohio. The Eisnaugles appeal, asserting that the trial court should have granted them a new trial with regard to damages because the jury's award was inadequate and against the manifest weight of the evidence. Because the award was not influenced by passion or prejudice and is not against the manifest weight of the evidence, we disagree. Munn cross-appeals, asserting that the trial court erroneously failed to instruct the jury regarding comparative negligence, trivial imperfections, and natural accumulations. Because the evidence in the record does not support the conclusions Munn sought by those instructions, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
On a rainy morning in 1996, Jill, then age fifteen, and her father stopped at the McDonald's restaurant in Jackson for breakfast. Jill walked across the parking lot and stepped up onto the tile sidewalk in front of the side entrance. Upon stepping onto the tile, Jill immediately fell. Jill twisted and broke the neck of her femur. Resetting the bone required surgery and the implantation of surgical screws.
For fourteen months, Jill had to use a walker to move around. She required assistance in basic living activities such as bathing and going to the bathroom. In the fifteenth month of her recovery, Jill underwent a second surgery to remove the screws from her leg. Her doctor did not release her to full activity until nearly nineteen months after the accident, and he opined that she will continue to experience occasional achiness in the future. Jill's medical expenses totaled approximately twenty-two thousand dollars.
The Eisnaugles filed a complaint in the trial court against Munn and against Franchise Realty Interstate Corporation, nka McDonald's Corporation ("McDonald's Corp."). The Eisnaugles alleged that the defendants negligently permitted an unsafe condition to exist at the McDonald's restaurant. They sought damages for Jill's medical expenses, her pain and suffering, and her parents' loss of Jill's society and services.
At trial, the testimony revealed that McDonald's Corp. owns the McDonald's building and land in Jackson. Munn leases the land and the building, and is responsible for its upkeep and remodeling. In 1990, Munn opted to change the type of sidewalk used outside his restaurant from exposed aggregate to tile. Munn testified that he selected the tile sidewalk because it is easier and cheaper to maintain than aggregate. The Eisnaugles' expert witness tested the tile and determined that it did not comply with the Ohio Basic Building Code, the Life Safety Code or the OSHA and ADA standards for safe, slip-resistant outdoor walkways.
At the close of evidence, the parties submitted proposed jury instructions. Munn requested the trial court to instruct the jury on comparative negligence, trivial imperfections, and natural accumulations. The trial court declined to instruct the jury on those issues. The jury deliberated and determined that McDonald's Corp. was not negligent; that Munn was negligent; and that Munn's negligence proximately caused Jill's accident and the resulting injuries. The jury entered a general verdict in favor of Jill in the amount of twenty-five thousand dollars, and a general verdict in favor of Jill's parents in the amount of six hundred dollars.
The Eisnaugles filed a motion for a new trial on the issue of damages. They argued that the damages awarded for Jill's pain and suffering and their loss of consortium were inadequate to the extent that they were influenced by passion or prejudice. Additionally, the Eisnaugles argued that the low damages award is not sustained by the weight of the evidence. The trial court denied the Eisnaugles' motion, holding that the damages awarded for pain and suffering, though low, were not necessarily disproportionate.
The Eisnaugles appeal the trial court's denial of their motion for a new trial, asserting the following single assignment of error:
 The trial court erred by denying plaintiffs' motion for a new trial as the verdict was inadequate so as to be against the manifest weight of the evidence and the verdict was inadequate so as to appear to have been given under the influence of passion or prejudice.
Munn cross-appeals, asserting the following assignments of error:
 The trial court erred when it refused to instruct the jury on the issue of, and claimed defense of, plaintiff Jill Eisnaugle's comparative fault.
 The trial court erred and committed prejudicial error by failing to instruct the jury on open and obvious dangers and trivial imperfections.
 The trial court erred and committed prejudicial error by failing to instruct the jury that an owner of property is not an insurer of its invitee's safety, and is not responsible for injuries occasioned by natural accumulations.
 II.
The Eisnaugles contend that the trial court erred in denying their motion for new trial and allowing the jury's verdict to stand. Civ.R. 59(A) governs the instances in which a court may grant a new trial and states in part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence * * *.
The Eisnaugles claim that: (1) the damages award was inadequate due to passion or prejudice from the jury, entitling them to a new trial on damages under Civ.R. 59(A)(4); and (2) the damages award is contrary to the weight of the evidence, entitling them to a new trial on damages under Civ.R. 59(A)(6).
The trial court has broad discretion in deciding whether to grant a new trial under either Civ.R. 59(A)(4) or (A)(6), and a reviewing court will not reverse the trial court's decision absent an abuse of that discretion. Pena v. Northeast Ohio Emergency Affiliates (1995),108 Ohio App.3d 96, 103. A court does not abuse its discretion unless its action implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id.; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Under Civ.R. 59(A)(4), a trial court may grant a new trial only if the movant demonstrates that the jury verdict was inadequate and that the jury gave its verdict under the influence of passion or prejudice. Pena
at 103. In assessing whether the trial court has abused its discretion by overruling a motion for new trial under Civ.R. 59(A)(4), we must consider: (1) the amount of the verdict; (2) whether the jury considered incompetent evidence; (3) any improper conduct by counsel; and (4) any improper conduct which can be said to have influenced the jury. Pena at 104, citing Dillon v. Bundy (1991), 72 Ohio App.3d 767, 774; see, also,Fromson Davis Co. v. Reider (1934), 127 Ohio St. 564, paragraph three of the syllabus. To support a finding of passion or prejudice, the movant must demonstrate that the jury verdict is "so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena at 104;Pearson v. Cleveland Acceptance Corp. (1969), 17 Ohio App.2d 239, 245. The size of the verdict, standing alone, is insufficient to establish passion or prejudice. Pena at 104; Jeanne v. Hawkes Hosp. of Mt. Carmel
(1991), 74 Ohio App.3d 246, 257.
Under Civ.R. 59(A)(6), a movant is entitled to a new trial if the jury award is against the weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when some competent, credible evidence supports the judgment. C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus; Pena
at 104.
In this case, the Eisnaugles do not assert that the jury was influenced by passion or prejudice as a result of the admission of incompetent evidence or improper conduct. The Eisnaugles assert that the award of three thousand dollars to Jill and six hundred dollars to her parents is so overwhelmingly disproportionate to her pain and suffering as to shock reasonable sensibilities. In particular, the Eisnaugles note that the jury award to Jill calculates to just over seven dollars per day over the length of her recovery.
Upon review of the record, we cannot find that the trial court abused its discretion in refusing to find that the jury's damage award was influenced by passion or prejudice. Jill did not suffer a permanent injury, unlike the plaintiffs in the two cases cited by the Eisnaugles,Brannon v. Bowers (1946), 46 Ohio Law Abs. 444, and Rognon v. Zanesville
(1926), 24 Ohio App. 536. Nor was the amount awarded shockingly small, like the one dollar awarded after the wrongful deaths of the plaintiff's wife and child in Pena. While the evidence in this case clearly establishes that Jill suffered, it does not establish a monetary value to be assigned to that pain and suffering. The jury was able to view Jill, weigh all the evidence, and then determine for itself how to quantify Jill's suffering and her parents' loss of consortium. Some competent, credible evidence supports the award, and the trial court did not abuse its discretion by declining to grant a new trial.
Accordingly, we overrule the Eisnaugles' assignment of error.
 III.
In each of Munn's three assignments of error, he asserts that the trial court erred in refusing to give a requested jury instruction. Generally, a trial court should give a jury instruction requested by a party if it is a correct statement of the law applicable to the facts in the case, "and reasonable minds might reach the conclusion sought by the instruction." Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36:2. The trial court should not instruct the jury on an issue not raised by the pleadings and evidence. Becker v. Lake Cty.Mem. Hosp. West (1990), 53 Ohio St.3d 202, 208. Thus, the refusal to give a requested jury instruction is not error if the record does not contain sufficient evidence to permit reasonable minds to reach the conclusion sought by the instruction. Murphy at 591. When the trial court declines to give a requested instruction, we conduct a de novo review of that decision, reversing if the trial court erred as a matter of law. Id.;McLaughlin v. Lowman (May 6, 1997), Pike App. No. 96CA572, unreported.
In his first assignment of error, Munn asserts that the trial court erred in refusing to instruct the jury on comparative negligence. Munn notes that an instruction on comparative negligence is appropriate where the injured fails to take notice of a danger that would be apparent to a reasonably prudent person. Mackey v. Kroger Co. (Aug. 22, 1994), Belmont App. No. 92-B-56, unreported. Munn contends that the record contains evidence that Jill failed to take necessary precautions to avoid the danger, apparent to a reasonably prudent person, posed by a rain-soaked sidewalk. However, our review of the record reveals no evidence that the danger posed by this sidewalk, constructed of a material unsuitable for outdoor use due to its lack of slip-resistance, would be apparent to a reasonably prudent person. The evidence shows that Jill merely stepped up onto the sidewalk. Because the record does not contain evidence that a reasonably prudent person would have acted differently, we find that the trial court did not err in failing to include a comparative negligence instruction in its charge to the jury.
Munn contends in his second assignment of error that the trial court erred in declining to instruct the jury on the doctrine of open and obvious dangers and trivial imperfections. A trivial imperfection is one that is expected and is not unreasonably dangerous. Helms v. AmericanLegion, Inc. (1966), 5 Ohio St.2d 60. Munn contends that the fact that the sidewalk was wet constitutes a trivial imperfection. However, the evidence in the record reveals a much greater imperfection, specifically, the sidewalk's construction of a material deemed unsuitable for outdoor use due to its lack of slip-resistance. Reasonable minds could not conclude that a sidewalk constructed of such an unsuitable material is expected and not unreasonably dangerous. Therefore, the trial court properly declined to instruct the jury regarding trivial imperfections.
In his final assignment of error, Munn contends that the trial court erred in failing to instruct the jury that an owner or occupier is not responsible for dangers occasioned by natural accumulations. Specifically, Munn notes that a danger created by inclement weather, without more, cannot form the basis for liability. Kresge Co. v. Fader
(1927), 116 Ohio St. 718; Hartman v. DiLello (1959), 109 Ohio App.3d 29,31. The evidence in the record reveals that the danger in this case was not caused by the rain alone, but, rather, by the rain combined with the fact that the sidewalk was constructed with a material that does not possess adequate slip-resistance for outdoor use. Reasonable minds could not conclude that natural accumulations alone created the danger in this case. Therefore, the trial court did not err by declining to instruct the jury regarding natural accumulations.
In sum, a trial court should not give an instruction to the jury when the record does not contain evidence upon which reasonable minds could reach the conclusion sought by the instruction. In this case, the evidence did not support instructions on comparative negligence, trivial imperfections, or natural accumulations. Accordingly, we overrule all three of Munn's assignments of error.
Having overruled the Eisnaugles' sole assignment of error and all three of Munn's assignments of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the parties share equally in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Abele, J. and Harsha, J., Concur in Judgment and Opinion.
 _________________________________ Roger L. Kline, Presiding Judge