[Cite as *Quinlan v. Highfield*, 2018-Ohio-4096.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RONALD E. QUINLAN | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. CT2018-0030 |
| MATTHEW S. HIGHLAND, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court
of Common Pleas, Case No. CC2017-0106

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      October 9, 2018

APPEARANCES:

For Plaintiff-Appellant

ROBERT G. MCCLELLAND
Graham & Graham Co., L.P.A.
P.O. Box 340
Zanesville, Ohio 43702-0340

For Appellee –
Matthew S. Highfield

DONALD P. WILEY
Baker, Dublikar, Beck, Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

For Appellee –
Allstate Fire and Casualty Insurance Co.

EDWIN J. HOLLERN
Hollern & Associates
77 North State Street
Westeville, Ohio 43081

*Hoffman, P.J.*

{¶1} Appellant Ronald E. Quinlan appeals the judgments entered by the Muskingum County Common Pleas Court finding in favor of Appellees Matthew S. Highfield and Allstate Fire and Casualty Insurance Company (hereinafter "Allstate") on his claim for negligence, and overruling his motions for judgment notwithstanding the verdict (JNOV) and new trial.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 24, 2015, Appellant was stopped in traffic while driving in Zanesville, Ohio. A vehicle driven by Appellee Highfield collided into the rear of Appellant's vehicle, causing damage to both vehicles.

{¶3} Appellant went to the Zanesville Medical Center on April 2, 2015, due to pain in his neck and back. Appellant had been disabled since 2010, due to spinal stenosis. At the medical center Appellant was evaluated by William Anderson, a chiropractor, and was diagnosed with cervical sprain, thoracic and lumbar sprain/strain, thoracic/lumbrosacral neuritis and muscle spasms. He was placed in a course of treatment consisting of chiropractic manipulations, manual therapy, traction and electrical stimulation. Appellant received twenty-two treatments, with treatment terminating on July 16, 2015. He incurred a bill of $3,762.00 for his care and treatment at the Zanesville Medical Center.

{¶4} On March 20, 2017, Appellant filed the instant lawsuit against Appellee Highfield and Appellee Allstate, his own uninsurance/underinsurance carrier. The complaint alleged Appellant sustained personal injury as a result of Highfield's negligence, and sought both economic and non-economic damages.

**{¶5}** Prior to trial, Highfield submitted proposed jury instructions to the court. Such instructions included the statement, "Defendant admits that he was negligent in causing the accident, but questions the amount of damages the plaintiff claims were proximately caused by the accident." During voir dire, Highfield's counsel interjected his client's admission of fault, and the trial court noted, "Negligence has been stipulated to." Tr. 12. During opening statement, counsel for HIghfield expanded on the admission of negligence, and stated the only issue before the jury would be the measure of damages. Dr. Anderson testified at trial his treatment of Appellant for sprain and strain injuries was a direct and proximate cause of the accident, and he was not cross-examined concerning his opinion of proximate cause.

**{¶6}** The jury returned a verdict in favor of Appellees, finding by special interrogatory the accident was not the proximate cause of Appellant's injuries. The court entered judgment in accordance with the jury's verdict by judgment filed April 2, 2018. Appellant's motions for JNOV and new trial were overruled by the trial court on April 11, 2018. It is from these judgments Appellant prosecutes his appeal, assigning as error:

I. THE JURY RENDERED A VERDICT THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

II. THE TRIAL COURT ERRED IN DENYING RONALD QUINLAN'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.

III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING RONALD QUINLAN'S MOTION FOR A NEW TRIAL.

III.

{¶7} We address Appellant's third assignment of error first, as we find it is dispositive of the appeal. Appellant argues the trial court erred in denying his motion for a new trial.

{¶8} Civil Rule 59(A)(4) and (6) state:

{¶9} (A) **Grounds for New Trial**. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶10} (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

{¶11} (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]

{¶12} It is well settled in the State of Ohio "where the inadequacy of the verdict is so gross as 'to shock the sense of justice and fairness,' or where the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or where it is apparent that the jury failed to include all the items of damage making up plaintiff's claim, the judgment entered on such verdict may be set aside by a reviewing court as being manifestly against the weight of the evidence and contrary to law. Toledo Rys. & Light Co. v. Mason, supra; 2 Ohio Jurisprudence (App.Rev., Pt. I), 1660, Section 877." *Sherer v. Smith*, 85 Ohio App. 317, 88 N.E.2d 426 (1949).

{¶13} An appellate court reviewing whether a trial court abused its discretion in ruling on a motion for a new trial pursuant to Civ.R. 59(A)(4) must consider (1) the amount of the verdict, and (2) whether the jury considered improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. *Dillon v.*

*Bundy*, 72 Ohio App.3d 767, 596 N.E.2d 500 (1991). To support a finding of passion or prejudice, it must be demonstrated the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. *Jeanne v. Hawkes Hosp. of Mt. Carme*l, 74 Ohio App.3d 246, 257, 598 N.E.2d 1174, 1181 (1991); *Pearson v. Cleveland Acceptance Corp.* (1969), 17 Ohio App.2d 239, 245, 46 O.O.2d 411, 415, 246 N.E.2d 602, 606 (1969). The mere size of the verdict is insufficient to establish proof of passion or prejudice. *Jeanne*, 74 Ohio App.3d at 257, 598 N.E.2d at 1181; *Pearson*, 17 Ohio App.2d at 245, 46 O.O.2d at 415, 246 N.E.2d at 606.

{¶14} The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration the trial court abused its discretion. *Yungwirth v. McAvoy*, 32 Ohio St.2d 285, 61 O.O.2d 504, 291 N.E.2d 739 (1972); *Siegel v. Mt. Sinai Hospital*, 62 Ohio App.2d 12, 23, 16 O .O.3d 54, 61-62, 403 N.E.2d 202, 210 (1978). In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. *Rohde v. Farmer*, 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685 (1970), paragraph three of the syllabus. Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony.  *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 107-108, 10 OBR 129, 130-131, 460 N.E.2d 701, 702-703 (1983). However, if the verdict is supported by substantial competent, credible evidence, a trial court abuses its discretion in granting a new trial based upon the weight of the evidence. *Hancock v. Norfolk & Western Ry. Co.* (1987), 39 Ohio App.3d 77, 81, 529 N.E.2d 937, 941-942 (1987); *Verbon v. Pennese*, 7 Ohio App.3d 182, 183, 7

OBR 229, 229-230, 454 N.E.2d 976, 978-979 (1982); *Dillon v. Bundy*, 72 Ohio App.3d 767, 596 N.E.2d 500 (1991).

{¶15} In *Enter v. Fettman*, 5th Dist. Stark No. 2005CA00023, 2005-Ohio-5525, we found the court abused its discretion in denying a motion for new trial because the jury clearly lost its way in finding the appellant did not suffer any injury as a result of an automobile accident. The appellee admitted negligence, and the evidence presented clearly demonstrated the appellant sustained some injuries as a result of the accident. *Id.* at ¶70. Appellee's opening statement indicated the appellant's neck, low back strain and contusion injuries were undisputed, and in closing arguments, appellee's counsel suggested a possible sum for compensation for said injuries. *Id.*

{¶16} Likewise, in *Garaux v. Ott*, 5th Dist. Stark No. 2009 CA 00183, 2010-Ohio-2044, we found the court erred in denying a motion for new trial on the issue of damages where there was unrefuted evidence the appellant suffered pain and suffering as a result of the burns on his hands and evidence he was unable to perform his usual activities. *Id.* at ¶27.

{¶17} In *Hlas v. Willoughby,* 5th Dist. Stark No. 2008CA00150 (April 6, 2009, unreported), the jury found the appellant's injuries were not proximately caused by the automobile accident. We reversed the trial court's denial of the appellant's motion for new trial. Although the jury had competent, credible evidence demonstrating the injuries may have been an aggravation of prior injuries, the evidence clearly demonstrated the appellant sustained some injuries as a result of the accident. *Id.* at ¶92. The appellee's opening statement conceded some injury, and in closing argument counsel for the appellee urged the jury to compensate the appellant reasonably for such injuries. *Id.*

**{¶18}** We similarly found the trial court erred in overruling a motion for new trial in *Thomas v. Pisoni*, 5th Dist. Stark No. 2014CA00034, 2015-Ohio-376, 27 N.E.3d 1001, concluding the jury's verdict in favor of the appellant was "inadequate because there was no evidence disputing the severity of the collision; no evidence, expert or otherwise, disputing the collision neither solely caused appellant's fractured neck and subsequent surgery; nor disputing the collision resulted in limited life functions, pain and discomfort." *Id.* at ¶35. We concluded the amount of damages awarded by the jury "did not fully compensate appellant and denied her justice." Id.

**{¶19}** Recently, we found the trial court erred in overruling a motion for new trial in a case where the jury found, as in the instant case, the appellant's injuries were not caused by the appellee's negligence. In so holding, we concluded:

> [T]he evidence remains uncontroverted by all experts, including the defense expert, that the emergency room visit on July 28th, the emergency room visit on August 3rd, and the visit with Dr. Viau on August 5th were caused by the motor vehicle accident. Accordingly, the jury awarded inadequate damages and the verdict is not supported by competent and credible evidence because it failed to compensate Michelle for the medical treatment on July 28th, August 3rd, and August 5th. At a minimum, Michelle was entitled to compensation for the dates conceded by the defense expert and the jury clearly lost its way in rendering its verdict.
>
> *Evans v. Hunter*, 5th Dist. Richland No. 17CA61, 2018-Ohio-1498, ¶36.

**{¶20}**  In the instant case, Appellees did not dispute Highfield's negligence at trial. While no formal stipulation appears in the record, Highfield submitted jury instructions to the court which admitted negligence, and the trial court recognized during voir dire, "Negligence has been stipulated to."  Tr. 12.  During opening statement, counsel for Highfield stated:

> Nobody wanted this sort of thing to happen, but it happened, and it is Mr. HIghfield's fault, completely his responsibility.
>
> ***
>
> And he goes to the chiropractor for his [sic] five months from March of 2015 until July of 2015, and as far as I know, there's no other claim that any treatment related to this accident was incurred.
>
> I think you're going to get the chiropractic bill, which we're going to tell you **you should absolutely award to him as payment**, and you're going to hear apparently from him how this affected his life, and I'm going to ask you to weigh that against what the evidence is that you're going to hear about what his life was like before the accident, and what things may have happened to him since.
>
> Tr. 85-86 (emphasis added).

**{¶21}**  Counsel concluded opening statement by telling the jury "their number is higher than ours."  Tr. 87.

**{¶22}** Dr. Anderson testified to a reasonable degree of certainty the treatment was directly and proximately caused by the automobile accident, and the bill of $3762.00 was incurred as a result of the injuries caused to Appellant in the accident of March 24, 2015.

**{¶23}** In closing statement, counsel for Highfield stated, "[Y]ou heard the chiropractor's testimony, this was a strain/sprain. He didn't say that this aggravated his preexisting neck and back surgeries." Tr. 185. He concluded his argument to the jury by stating:

> And I'm from Canton, Ohio. I'm not from here. You're from here. This is your county. And what I'm going to suggest to you is that you go back to that jury room, and you decide what you think, as a group, this kind of case should be worth where you live.
>
> I'm going to suggest that number you heard from him is a lot more than that should be, but this is your decision. You said you would listen to the evidence. You said you would listen to the instructions you're about to get, and that you would be comfortable giving a fair and reasonable verdict for the damages and expenses you heard about, and that's what we're trusting you to do.
>
> Tr. 186.

**{¶24}** We recognize the arguments of counsel are not evidence. However, in instructing the jury, the court stated:

The evidence does not include the pleadings or any statement of counsel made during the trial unless such statement was an admission or agreement admitting certain facts. For instance, the defense stipulated that they were negligent. That's something that you take – you begin with that.

Tr. 189-190.

**{¶25}** In the instant case, Appellees did not dispute Highfield's negligence. Further, the evidence was uncontroverted the accident was the proximate cause of the diagnosed sprain/strain for which Appellant was treated by Dr. Anderson at the Zanesville Medical Center. Appellees did not cross-examine Dr. Anderson concerning proximate causation, nor did they present evidence concerning proximate causation relating to Dr. Anderson's treatment. As reflected by the statements of counsel quoted above, Appellees' position at trial was the expenses incurred by Appellant for chiropractic treatment should be awarded as damages in the case. Appellees challenged the non-economic damages asserted by Appellant concerning the changes in his quality of life following the accident, arguing they were not proximately caused by the accident, but were the result of his prior neck and back surgeries, which had resulted in Appellant being on disability for ten years prior to the accident. Appellees therefore disputed only the amount of damages and not the existence of damages.

**{¶26}** At a minimum, based on the uncontroverted evidence and admissions of counsel, the jury should have awarded damages in the amount of $3,762.00 for the chiropractic treatment incurred for the sprain/strain injuries sustained in the automobile accident. We find the jury lost its way in entering a verdict in favor of Appellees, finding

Highfield's negligence was not the proximate cause of Appellant's injuries. The trial court therefore abused its discretion in overruling Appellant's motion for new trial.

{¶27} The third assignment of error is sustained.

{¶28} The first and second assignments of error are rendered moot by our decision in the third assignment of error.

{¶29} The judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for new trial.


By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur