OPINION
{¶ 1} Plaintiff-appellant Richard Enter appeals the December 17, 2004 Judgment Entry of the Stark County Court of Common Pleas denying his motion for additur, or in the alternative for a new trial, in favor of defendant-appellee Jodi S. Fettman.
 STATMENT OF THE FACTS AND CASE {¶ 2} This matter arises out of an automobile accident caused by appellee on February 5, 2003. As a result of alleged injuries arising out of the accident, appellant initiated this action, claiming injury to his right knee requiring surgery, low back strain, neck strain, two fractured left ribs, contusion to his nose and a concussion.
 {¶ 3} A jury trial commenced on November 30, 2004. Following the trial, the jury returned a verdict in favor of appellee. The jury unanimously answered Interrogatory B, finding appellee's negligence was not the proximate cause of the injury to appellant.
 {¶ 4} Appellant then filed a motion for additur, or in the alternative for new trial, asserting negligence had been stipulated by the parties, and both parties agreed injuries resulted from the accident and from those injuries appellant's medical bills arose.
 {¶ 5} On December 17, 2004, via Judgment Entry, the trial court denied appellant's motion. Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS IN DENYING THE PLAINTIFFS' MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE FOR ADDITUR PURSUANT TO CIV. R. 59(A)(4) AND (6) OF THE OHIO RULES OF CIVIL PROCEDURE."
 I {¶ 7} In the sole assignment of error appellant maintains the trial court erred to the prejudice of appellant in denying his motion for a new trial, or in the alternative for additur, pursuant to Civil Rule 59(A)(4) and (6).
 {¶ 8} Civil Rule 59(A)(4) and (6) state:
{¶ 9} "(A) Grounds
 {¶ 10} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 11} * * *
 {¶ 12} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 13} * * *
 {¶ 14} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 15} * * *
 {¶ 16} In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 17} It is well settled in the State of Ohio "where the inadequacy of the verdict is so gross as `to shock the sense of justice and fairness,' or where the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or where it is apparent that the jury failed to include all the items of damage making up plaintiff's claim, the judgment entered on such verdict may be set aside by a reviewing court as being manifestly against the weight of the evidence and contrary to law. Toledo Rys. Light Co. v. Mason, supra; 2 Ohio Jurisprudence (App.Rev., Pt. I), 1660, Section 877." Sherer v. Smith
(1949), 85 Ohio App. 317.
 {¶ 18} An appellate court reviewing whether a trial court abused its discretion in ruling on a motion for a new trial pursuant to Civ.R. 59(A)(4) must consider (1) the amount of the verdict, and (2) whether the jury considered improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. Dillon v.Bundy (1991), 72 Ohio App.3d 767. To support a finding of passion or prejudice, it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. Jeanne v. Hawkes Hosp. of Mt. Carmel (1991),74 Ohio App.3d 246, 257, 598 N.E.2d 1174, 1181; Pearson v. ClevelandAcceptance Corp. (1969), 17 Ohio App.2d 239, 245, 46 O.O.2d 411, 415, 246 N.E.2d 602, 606. The mere size of the verdict is insufficient to establish proof of passion or prejudice. Jeanne, 74 Ohio App.3d at 257,598 N.E.2d at 1181; Pearson, 17 Ohio App.2d at 245, 46 O.O.2d at 415,246 N.E.2d at 606.
 {¶ 19} "The denial by a trial court of a motion for a new trial is subject to reversal on appeal only upon demonstration that the trial court abused its discretion. Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 61 O.O.2d 504, 291 N.E.2d 739; and Siegel v. Mt. Sinai Hospital (1978),62 Ohio App.2d 12, 23, 16 O.O.3d 54, 61-62, 403 N.E.2d 202, 210. In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, paragraph three of the syllabus. Generally, a new trial should be granted pursuant to Civ.R. 59(A)(6) where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. Baum v. Augenstein (1983), 10 Ohio App.3d 106,107-108, 10 OBR 129, 130-131, 460 N.E.2d 701, 702-703. However, if the verdict is supported by substantial competent, credible evidence, a trial court abuses its discretion in granting a new trial based upon the weight of the evidence. Hancock v. Norfolk Western Ry. Co. (1987),39 Ohio App.3d 77, 81, 529 N.E.2d 937, 941-942; and Verbon v.Pennese (1982), 7 Ohio App.3d 182, 183, 7 OBR 229, 229-230,454 N.E.2d 976, 978-979." Dillon v. Bundy (1991), 72 Ohio App.3d 767.
 {¶ 20} Appellant maintains the trial court's abuse of discretion is demonstrated in the failure to properly instruct the jury following questions raised by the jury.
 {¶ 21} Appellant asserts the jury was anticipating medical bills were paid by an insurance company, and their conscience would be cleared regarding the fact they would not award any funds to the appellant. We find appellant's argument speculative at best. Further, upon review of the record, appellant's own evidence indicates the presence of insurance coverage, and appellant failed to specifically object to the trial court's response to the jury question; thereby waiving the issue on appeal.
 {¶ 22} Interrogatory (B) submitted to the jury inquired as to the following:
 {¶ 23} "(B) Do you find that the negligence of the Defendant was the proximate cause of the injury to Plaintiff, circle one."
 {¶ 24} The jury circled the word "no" and all eight signatures appeared underneath. Appellant argues the jury's answer to interrogatory (B) is contrary to all the evidence presented at trial.
 {¶ 25} Appellant asserts the trial court abused its discretion by failing to evaluate the evidence presented in ruling on appellant's motion. Appellant argues the manifest weight of the evidence requires the granting of a new trial.
 {¶ 26} Appellant cites the opening and closing statements of appellee's counsel, arguing appellee concedes injuries occurred as result of the accident and admits liability therefore. Appellee's counsel stated in opening arguments:
 {¶ 27} "The neck and low back strain are not disputed in the records or by the parties. The contusion to the nose is not disputed by the parties or in the records. The emergency room records make reference to a slight bluing on the tip of the nose, but no tenderness of the bone itself.
 {¶ 28} * * *
 {¶ 29} "I believe the evidence will show that, yes, the Plaintiff very clearly had a knee problem, has a knee problem, but that it was not caused by this accident, and, due to the delay in complaints, was not even aggravated by this accident.
 {¶ 30} "And that his inability to go back to work, based on Dr. Mastromatteo's testimony, I believe the evidence will show, was really not due to the knee or the back, it was due to the medication that the Plaintiff then never made an effort to change to see whether or not he could get back to work.
 {¶ 31} "The accident was Miss Fettman's fault * * *
 {¶ 32} "* * * It's still her fault, no question about it."
 {¶ 33} Tr. at 82, 88-89.
 {¶ 34} At closing arguments, appellee's counsel stated:
 {¶ 35} "I think you take the bills, it's still up there, if you look at the bills, if you go just above — if you go just above Dr. Blanda and cut it off there, there's still two visits. There is — first of all, Clavecilla, I still can't pronounce his name, but the doctor in the middle, for 242, we heard absolutely nothing from that doctor or about that doctor. 244 is after he sees Blanda. I would suggest to you that a fair amount of bills to consider is everything up to Blanda, with the exception of that 486 and the first visit with Blanda. If you add that up, it comes out, I think it's just around $4,000.
 {¶ 36} "The lost earnings I suggest he made according to Mr. Shelton's calculations. * * *
 {¶ 37} "* * * I would suggest that 4,000 in bills is a fair amount, 8,000 in earnings for the time Dr. Mastromatteo had him. He could have come back, changed medication and gone back. And based on that three months and then a residual for — on the downside for pain and suffering for another couple months, $10,000 pain and suffering, for a total of 22,000."
 {¶ 38} Tr. at 265-266.
 {¶ 39} As a general rule, opening and closing statements at trial are not evidence to be considered by the jury. Here, the trial court properly instructed the jury in its discretion to not consider the statements as evidence, with an exception:
 {¶ 40} ". . . Remember that attorneys are not witnesses, and since it is your duty to decide the case solely on the evidence that you see or hear in the case, you must not consider as evidence any statement of any attorney made during the trial.
 {¶ 41} "There is an exception, and that is if the attorneys agree to any fact. Such agreement, stipulation, or admission of fact will be brought to your attention and then you may regard such fact as being conclusively proved without the necessity of further evidence of such fact."
 {¶ 42} Upon review of appellee's counsel's opening and closing statement, when coupled with the evidence of all three experts, we find the jury clearly lost its way.
 {¶ 43} Dr. Mastromatteo treated appellant as his family physician following the accident. He testified,
 {¶ 44} "Q. Based on your — based on your degree of medical expertise on the fact that you have been practicing medicine since 1968 and that you have seen — observed Mr. Enter since 1999, you had seen him before the accident, you have seen him after the accident, you are aware of his condition, can you say with a reasonable degree of medical certainty that the injuries to his back, head, knee and ribs are related to the collision of February 5th, 2003?
 {¶ 45} "A. I would say yes."
 {¶ 46} Tr. at 16.
 {¶ 47} Dr. Joseph Blanda, an orthopedic surgeon, testified in the record:
 {¶ 48} "Q. Okay. So, you're saying that with a — within a reasonable degree of medical certainty that the accident would have exacerbated the arthritic condition?
 {¶ 49} "Yes.
 {¶ 50} Okay. Can you state with a reasonable degree of medical certainty that based on your medical knowledge and experience and your knowledge of Mr. Enter's condition that the severity of his injury is related to the accident on February 5th, 2003?
 {¶ 51} Yes.
 {¶ 52} Tr. at 15-16
 {¶ 53} Appellee's expert witness, Dr. Dennis A. Glazer, an orthopedic surgeon, testified:
 {¶ 54} "Q. Okay. Doctor, I want to ask you several questions regarding opinions and whether or not you have opinions and if so, what those opinions are.
 {¶ 55} "Within a reasonable — based on your education, training, the examination of the plaintiff and your review of the records, can you state within a reasonable degree of medical probability whether Richard Enter received any injury as a result of the automobile accident of February 5, 2003?
 {¶ 56} "A. Yes, I can.
 {¶ 57} "Q. An [SIC] what is that opinion?
 {¶ 58} "A. My opinion was that he did.
 {¶ 59} "Q. What injury do you believe — the injury or injuries do you believe that he received?
 {¶ 60} "A. I believe that he had a muscle strain to his, I believe, it was his back, and he may have had a fracture of his rib but most probably just had a bruise in that area, a contusion. It is a question that — I can't answer that for certain.
 {¶ 61} * * *
 {¶ 62} "Q. Based on those same factors, education, training, examination of the plaintiff and your review of the records, do you have an opinion within a reasonable degree of medical probability whether there was any injury to Mr. Enter's right knee as a result of this automobile accident?
 {¶ 63} "A. Yes, I do.
 {¶ 64} "Q. What is that opinion?
 {¶ 65} "A. My opinion was that there was most probably not within reasonable medical certainty.
 {¶ 66} "Q. Okay. Based on those same factors, do you have an opinion within reasonable degree of medical probability whether the surgery performed by Dr. Blanda on, I think, August 26, 2003, on Mr. Enter's right knee found anything other than pre-existing degenerative problems?
 {¶ 67} "A. Yes, I do.
 {¶ 68} "Q. What is that opinion?
 {¶ 69} "A. My opinion was that it did not find anything other than degenerative problems. Tr. at 19-21 (emphasis added).
 {¶ 70} Based upon the above, the jury clearly lost its way in finding appellant did not suffer any injury as a result of the February 5, 2003 accident, admittedly caused by the negligence of appellee. While we find the jury had competent, credible evidence demonstrating the knee injury might not have been a result of the accident, the evidence presented clearly demonstrates appellant sustained some injuries as a result of the accident. Appellee's opening statement indicates appellant's neck, low back strain and contusion injuries are undisputed. In closing arguments, appellee's counsel suggests a possible sum for compensation for said injuries. Accordingly, we find the jury clearly lost its way in rendering its verdict. Based upon the above, we remand this matter to the trial court for a new trial as to appellant's neck, low back, and contusion injuries, but not for the claimed injury to appellant's knee.
 {¶ 71} The December 17, 2004 Judgment Entry of the Stark County Court of Common Pleas is hereby reversed and remanded for a new trial consistent with the law and this opinion.
Hoffman, J. Boggins, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment of the Stark County Court of Common Pleas is hereby reversed and remanded for a new trial consistent with the law and this opinion. Costs assessed to appellee.