JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Eyen T. Carnail, pro se, appeals the judgment of the trial court denying his motion to vacate his sentence. For the reasons that follow, we affirm.
 {¶ 2} In 1999, appellant pled guilty to two counts of rape in violation of R.C. 2907.02 after negotiations with the State and in exchange for the remaining counts and specifications of his indictment being dismissed.
 {¶ 3} The trial court, however, upon appellant's motion, withdrew appellant's guilty plea. After appellant's two motions to suppress evidence were denied, appellant pled guilty again to two counts of rape in violation of R.C. 2907.02; the remaining counts and specifications were dismissed. Appellant was sentenced, which also occurred in 1999, to two concurrent terms of ten years to life and stipulated to being a sexual predator. No direct appeal was initially filed.
 {¶ 4} Appellant thereafter filed in the trial court a petition to vacate or set aside his sentence, in which he argued that he was deprived of his right to effective assistance of counsel. The trial court denied his motion and this court affirmed the trial court on appeal. State v. Carnail (Feb. 15, 2001), Cuyahoga App. No. 78143.
 {¶ 5} In a subsequent delayed direct appeal, appellant argued that his guilty plea was involuntary because he did not understand the full implication of stipulating to the sexual predator classification and the court did not have a factual basis for accepting the stipulation. This court rejected appellant's argument and affirmed the judgment of the trial court. State v. Carnail (Nov. 8, 2001), Cuyahoga App. No. 78921.
 {¶ 6} On May 5, 2005, appellant filed another motion to vacate his sentence, which the trial court denied. Appellant now appeals the denial of that motion. The essence of appellant's sole assignment of error is that, in accordance with Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159, L.Ed.2d 403, a jury rather than the trial court should have decided his punishment. While we note the Supreme Court of Ohio's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, under our scope of review in this appeal (i.e., denial of appellant's postconviction relief petition), and as will be discussed in more detail, we are unable to reach the Blakely
issue and, thus, affirm the trial court.
 {¶ 7} Pursuant to R.C. 2953.21, a petition for postconviction relief is filed subsequent to the direct appeal of the conviction. R.C. 2953.21 (A)(1) defines the criteria under which postconviction relief may be sought:
 {¶ 8} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *."
 {¶ 9} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than 180 days after the date which the trial transcript is filed in the court of appeals in a direct appeal to the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for the filing of the appeal."
 {¶ 10} Here, the trial transcript was filed in appellant's delayed direct appeal on August 17, 2001. Thus, appellant's 2005 filing of his postconviction petition was untimely.
 {¶ 11} R.C. 2953.23 governs untimely and successive petitions for postconviction relief and provides that a trial court may consider a second or successive petition for postconviction relief only if the petitioner can demonstrate:
 {¶ 12} "(1) Either of the following applies:
 {¶ 13} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 14} "(b) Subsequent to the period prescribed in [R.C.2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1).
 {¶ 15} R.C. 2953.23(A)(2) imposes the additional requirement that:
 {¶ 16} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 17} As previously mentioned, appellant's sole argument in his postconviction petition was relative to his sentence and, in particular, contended that Blakely, supra, created new constitutional law that retroactively impacts the imposition of a greater than a minimum sentence under Ohio law. Thus, we must determine whether Blakely represents the recognition of a new federal or state right that applies retroactively to appellant, thereby permitting him to file an untimely petition pursuant to R.C. 2953.23(A)(1)(a). We find that it does not.
 {¶ 18} The United States Supreme Court in United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, held that its ruling regarding the sentencing guidelines was not to be applied retroactively to cases on collateral review, but was to apply only to cases on direct review. Id. at 268. Moreover, the Supreme Court of Ohio stated in Foster that its ruling only applies to cases pending on direct review. Foster,
at ¶ 104. Therefore, a Blakely argument cannot be the basis for a petition for postconviction relief because "a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." State v. Steffen,70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67, citingState v. Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652. This court has applied Booker in holding that Blakely cannot be the basis for postconviction relief because such a proceeding is a collateral, rather than a direct, attack. State v. Foster,
Cuyahoga App. No. 86155, 2005-Ohio-5525.[1]
 {¶ 19} Thus, appellant has not demonstrated that his untimely petition for postconviction relief should have been entertained pursuant to the exception found in R.C. 2953.23(A)(1). The trial court was, therefore, without jurisdiction to consider his untimely petition for postconviction relief and properly dismissed it.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Corrigan, J., Concur.
[1] For clarity, the Foster case decided by this court is a completely different case from the recent Supreme Court of OhioFoster case, which involved a defendant from Licking County.