OPINION
{¶ 1} This matter has been submitted to this court on the record and the briefs of the parties. Appellant, Angelo J. Foti, appeals from a judgment entry entered by the Lake County Common Pleas Court on June 19, 2006. The trial court denied his motion to vacate and/or correct his sentence. On review, we affirm the judgment entry of the trial court. *Page 2 
 {¶ 2} Foti received a prison term aggregating 16 years from the Lake County Common Pleas Court on January 11, 2001. That court sentenced him for two convictions for corrupting another with drugs. He received a prison term of eight years for each conviction, such sentences to be served consecutively. He also received sentences of one year for each of two convictions for receiving stolen property, such sentences to be served concurrently with each other and concurrently with the sentences for corrupting another with drugs. This court affirmed the sentencing judgment entry on February 24, 2003.[1]
 {¶ 3} Foti filed a motion to vacate and/or correct sentence in the Lake County Common Pleas Court in May 2006. The state of Ohio filed a response to that motion. That court construed the motion as a petition for postconviction relief, and denied the petition on the ground that Foti did not satisfy the requirements of R.C. 2953.23(A)(1). The trial court's judgment entry was entered on June 19, 2006. Foti then appealed that judgment entry to this court, raising a single assignment of error:
 {¶ 4} "The trial court abused its discretion and violated the appellant's constitutional rights by denying the appellant's motion and ruling contradictory to longstanding state and federal law."
 {¶ 5} Foti asserts three arguments in support of his appeal: (1) the trial court should have vacated his sentence, (2) the trial court misconstrued his motion as a petition for postconviction relief, and (3) the trial court should have given retroactive application of the decision in State v. Foster[2] to his case. *Page 3 
 {¶ 6} Foti's reference to the decision of the Supreme Court of Ohio inState v. Foster alludes to the holding of that case, wherein certain portions of Ohio's sentencing statutes were found unconstitutional, because they mandated judicial factfinding.[3]
 {¶ 7} Foti's three arguments are interrelated and will be considered together.
 {¶ 8} On the one hand, Foti attempts to distance himself from the requirements of the postconviction relief statutes. In his motion to vacate and/or correct sentence that he filed in the trial court, Foti relied on Crim.R. 47 as an alternative to the postconviction relief statutes, R.C. 2953.21 and 2953.23(A). In this court, he relies on Crim.R. 57 for such an alternative. In place of the postconviction relief statutes, he asserts these rules as alternative vehicles to challenge his sentence.
 {¶ 9} However, a review of Crim.R. 47 and 57 reveals that neither criminal rule gives a specific authorization to a criminal defendant to vacate and/or correct his or her sentence. They merely prescribe guidelines and procedures for one who desires to file a motion under the criminal rules. Crim.R. 47 states that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought;" Crim.R. 57(A) defines what is meant by a "rule of court;" and Crim.R. 57(B) provides as follows:
 {¶ 10} "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." *Page 4 
 {¶ 11} Thus, by themselves, Crim.R. 47 and 57 do not specifically authorize the filing of a motion to vacate and/or correct one's sentence. This is consistent with the judgment entry of the trial court that treated Foti's motion as a petition for postconviction relief.
 {¶ 12} In addition, while we recognize that R.C. 2953.21 and2953.23(A) provide a non-exclusive means to challenge one's sentence postconviction,[4] the Supreme Court of Ohio has determined that a criminal defendant who files a motion to vacate or correct his or her sentence on the ground that his or her constitutional rights have been violated necessarily embraces the postconviction relief statutes:
 {¶ 13} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."[5]
 {¶ 14} Nevertheless, Foti argues that the postconviction statutes (R.C. 2953.21 and 2953.23(A)) provide for a collateral attack on one's sentence,[6] whereas his motion to vacate and/or correct sentence is a direct attack on his sentence. In this respect, Foti argues, the trial court has misconstrued the nature of his motion by dismissing his motion for having been untimely filed. Foti states that his motion, being a direct attack on his sentence, was not bound by the time limitations of R.C. 2953.21 and 2953.23(A).
 {¶ 15} In support of his argument that he is directly attacking his sentence, Foti cites to cases that hold that a void sentence is no sentence at all. For example, he cites *Page 5 
the cases of State v. Beasley and State v. Jordan for the proposition that a trial court's failure to comply with the express terms of a sentencing statute will render the sentence void.[7] Foti's extension of this argument is that the decision of the Supreme Court of Ohio inState v. Foster rendered certain sentencing statutes unconstitutional and, therefore, void, so that the only appropriate remedy is to vacate his sentence and remand his case for resentencing.
 {¶ 16} Indeed, this court, following the decision of the Supreme Court of Ohio in State v. Foster, has stated that resentencing is appropriate where a sentencing statute has been declared to be void:
 {¶ 17} "The Ohio Supreme Court, in [State v.] Foster, expressly held that the `normal course' to be followed when a statute is deemed void `is to vacate that sentence and remand to the trial court for a new sentencing hearing.'"[8]
 {¶ 18} However, this court also emphasized that the remedy of vacating a sentence following the Foster decision applied only to "`those (cases) pending on direct review.'"[9]
 {¶ 19} Thus, in the recent decision of this court in State v.Scuba, where the appellant was sentenced in 1998 and filed a "motion to correct unlawful sentence" in May 2006, this court determined that the holding in Foster was limited to cases on direct appeal at the time theFoster decision was decided: *Page 6 
 {¶ 20} "The additional rights described in Blakely v.Washington[10] and State v. Foster[11] do not apply to individuals in Scuba's situation. Specifically, in United States v. Booker, the United States Supreme Court held that the Blakely Sixth Amendment holding applies to `all cases on direct review.'[12] Similarly, the Supreme Court of Ohio, in applying the Blakely decision to Ohio's sentencing scheme, instructed that cases `pending on direct review' be remanded for resentencing hearings.[13] Finally, this court and other appellate courts have limited the Blakely and Foster holdings to cases pending on direct appeal.[14] Scuba's direct appeals of the trial court's judgment entries were final at the time of the Blakely andFoster decisions. Thus, these holdings do not retroactively apply to individuals in Scuba's situation."[15]
 {¶ 21} Likewise, in Foti's case, his direct appeals were final at the time of the Foster decision. His petition for certiorari to the United States Supreme Court was denied on March 28, 2005, which meant his direct appeals were final as of that date.[16] Therefore, his argument that his sentence should be vacated is without merit.
 {¶ 22} On the other hand, Foti argues that, if the postconviction relief statutes (R.C. 2953.21 and 2953.23(A)) were applicable to his case, he would come within the exceptions to the time requirements because he has satisfied the exceptions to those requirements. In essence, he argues that his sentence would be voided due to the *Page 7 
retroactive effect of State v. Foster, thus putting him within the exceptions to the time requirements of R.C. 2953.23(A). We do not agree.
 {¶ 23} Even apart from the 180-day time requirement of R.C.2953.21(A)(2), which would have required Foti to file for postconviction relief no later than the end of 2001, he does not satisfy the exceptions to the time requirements contained in R.C. 2953.23(A)(1). That statute provides, in pertinent part:
 {¶ 24} "(A) * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 25} "(1) Both of the following apply:
 {¶ 26} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 27} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 28} "(2) [This section applies where DNA evidence proves actual innocence of the petitioner and, therefore, is not applicable to the case sub judice.]" *Page 8 
 {¶ 29} The exception provided in subsection (A)(1)(a) of R.C. 2953.23
does not apply to Foti.
 {¶ 30} First of all, Foti has not asserted that he was prevented from discovering facts upon which he could rely to pursue his sentencing challenge. Nor, as the Fourth Appellate District has held, did the decision in Blakely create a new federal or state constitutional right that would be applied retroactively to persons similarly situated to Foti. That court stated that "* * * Blakely did not create a new constitutional right, it only applied the principles established inApprendi v. New Jersey."[17] Further, as stated above in the excerpt from this court's decision in State v. Scuba:
 {¶ 31} "[T]his court and other appellate courts have limited theBlakely and Foster holdings to cases pending on direct appeal. * * * Scuba's direct appeals of the trial court's judgment entries were final at the time of the Blakely and Foster decisions. Thus, these holdings do not retroactively apply to individuals in Scuba's situation."[18]
 {¶ 32} Even though Foti's direct appeals were not final until 2005, which is after the Blakely decision, but before the Foster decision, Foti is still foreclosed from asserting the applicability of those holdings in order to gain postconviction relief under subsection (A)(1)(a) of R.C. 2953.23. The Blakely decision was issued subsequent to the 180-day limitation of R.C. 2953.21(A)(2), but because it did not create a new federal or state constitutional right, Foti does not have a new constitutional right upon which he can rely. *Page 9 
 {¶ 33} Moreover, Foti has not satisfied the criterion of subsection (A)(1)(b) of R.C. 2953.23. This latter subsection generally pertains only to the guilt or innocence of the petitioner, and does not pertain to a sentencing challenge such as that advanced by Foti.[19]
 {¶ 34} Therefore, since both subsections of R.C. 2953.23(A)(1) must be satisfied to fit within the exception to the time requirements of R.C.2953.21, and, since neither subsection applies to Foti, he cannot avail himself of the exception to the 180-day filing requirement, even if it could be argued that the Blakely and Foster holdings should be applied retroactively.
 {¶ 35} Finally, though not raised as a basis for dismissal by the trial court, Foti argues in this court that he is able to overcome the res judicata effect of his sentencing order in order to pursue postconviction relief. He asserts that the decision in State v.Foster is the kind of evidence "dehors" the record that avoids the res judicata effect. In this connection, he is referring to the rule of law stated by this court as follows:
 {¶ 36} "For a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial. * * * To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon the information in the original record.'"[20] *Page 10 
 {¶ 37} Foti's argument in this connection does not have merit. A court decision such as State v. Foster does not constitute the kind of "evidence" that is contemplated in a postconviction petition and which this court referred to in the above quotation. Even if it did, however, the Foster decision, and the Blakely decision as well, applied the rule set forth in Apprendi v. New Jersey, a case decided in 2000.[21] TheApprendi decision was available for argument by Foti in his original direct appeal. Thus, had the trial court chosen to do so, it could have dismissed Foti's petition on the additional ground of res judicata.
 {¶ 38} Foti's assignment of error is without merit.
 {¶ 39} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur.
[1] State v. Foti, 11th Dist. No. 2001-L-020, 2003-Ohio-796.
[2] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[3] Id. at paragraphs one, three, and five of the syllabus.
[4] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 11-13.
[5] State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
[6] R.C. 2953.21(J).
[7] State v. Beasley (1984), 14 Ohio St.3d 74, 75 and State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23.
[8] State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695, at ¶ 21, quoting State v. Foster, at ¶ 103.
[9] Id., quoting State v. Foster, at ¶ 104.
[10] Blakely v. Washington (2004), 542 U.S. 296.
[11] State v. Foster, supra.
[12] United States v. Booker (2005), 543 U.S. 220, 267-268.
[13] State v. Foster, supra, at ¶ 104.
[14] State v. Savage, 11th Dist. No. 2005-L-119, 2006-Ohio-3418, at ¶ 14; State v. Luther, 9th Dist. No. 05CA008771, 2006-Ohio-2414, at ¶ 12; and State v. Lipford, 5th Dist. No. 2006CA00025, 2006-Ohio-4240, at ¶ 12.
[15] State v. Scuba, 11th Dist. No. 2006-G-2713, 2006-Ohio-6203, at ¶ 19.
[16] Beard v. Banks (2004), 542 U.S. 406, 411.
[17] State v. Rawlins, 4th Dist. No. 05CA3012, 2006-Ohio-1901, at ¶ 12, referring to Apprendi v. New Jersey (2000), 530 U.S. 466.
[18] State v. Scuba, supra, at ¶ 19.
[19] Id. at ¶ 20.
[20] (Internal citations omitted.) State v. Adams, 11th Dist. No. 2003-T-0064, 2005-Ohio-348, at ¶ 39, quoting State v. Lawson (1995), 103 Ohio App.3d 307, 315.
[21] State v. Foster, supra, at paragraphs one, three, and five of the syllabus and State v. Rawlins, supra. *Page 1