JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jeffrey Elko, appeals from the decision of the Cuyahoga County Court of Common Pleas that denied his motion to resentence filed in three separate cases, CR-420720, CR-436160, and CR-437173. For the reasons stated herein, the judgment of the trial court is affirmed.
 {¶ 2} Elko was convicted and sentenced in each of the underlying cases during 2002 and 2003. Elko filed a direct appeal in CR-436160, and this court affirmed the convictions and sentence in State v. Elko, Cuyahoga App. No. 83641, *Page 3 2004-Ohio-5209. No direct appeal was filed in the two other cases. On March 24, 2006, Elko filed a motion to resentence in all three cases, in which he claimed his sentences were void for having been imposed under unconstitutional and void statutes. The trial court denied the motions, and this appeal followed.
 {¶ 3} Elko has raised one assignment of error for our review, which provides the following:
 {¶ 4} "The trial court erred to the prejudice of the appellant's substantial rights by failing or refusing to order the appellant (re)sentenced under valid law, as the sentence previously attempted is void for having been imposed under unconstitutional and void statutory provisions; causing the appellant to be imprisoned without a valid prison sentence."
 {¶ 5} Initially, we recognize that Elko captioned the motion in each underlying case as a motion to resentence. However, there is no statutory or procedural rule authorizing such a motion. Nevertheless, the motion may be construed as a petition for postconviction relief brought pursuant to R.C. 2953.21. See State v. Caldwell, Paulding App. No. 11-05-07, 2005-Ohio-5375, citing State v. Reynolds,79 Ohio St.3d 158, 160-161, 1997-Ohio-304.
 {¶ 6} Elko's petition was untimely as it was filed beyond the time limits set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the exceptions for filing an untimely petition under R.C. 2953.23(A) are met. As is relevant here, R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the petitioner demonstrates both of the *Page 4 
following: (1) that subsequent to the period prescribed in R.C.2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found appellant guilty of the offenses for which he was convicted. As detailed below, Elko fails to meet this exception for filing an untimely petition.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings inBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. The court found that, underBlakely and Apprendi, R.C. 2929.14(B), R.C. 2929.14(E)(4) and R.C.2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent they required judicial fact-finding. Foster, 109 Ohio St.3d at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id.
 {¶ 8} The United States Supreme Court limited its holdings inBlakely and Apprendi to cases on direct review. See, United States v.Booker (2005), 543 U.S. 220. Consistent with the United States Supreme Court's holding in Booker, supra, the Foster court restricted retroactive application of its holdings to cases pending on direct review or not yet final. Foster, 109 Ohio St.3d 1. These cases did not create *Page 5 
any new constitutional rights that apply retroactively to cases that are not on direct review. State v. Dunn, Washington App. No. 06CA23,2007-Ohio-854. As a result, Ohio courts have consistently held that the holding in Foster does not apply to an untimely filed petition for postconviction relief, which is a collateral, rather than a direct, attack. See, e.g., State v. Ulis, Lucas App. No. L-06-1221,2007-Ohio-1192; State v. Taylor, Highland App. No. 06CA20,2007-Ohio-1185; State v. Humphreys, Franklin App. No. 06AP-811,2007-Ohio-1014; State v. Brenton, Paulding App. No. 11-06-06,2007-Ohio-901; State v.Carnail, Cuyahoga App. No. 86539, 2006-Ohio-1246.
 {¶ 9} Elko, therefore, has failed to establish that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, a condition that appellant was required to meet under R.C. 2953.23(A)(1) to allow the trial court to entertain his untimely postconviction petitions. As a result of Elko's failure to satisfy the requirements of R.C. 2953.23(A)(1)(a), his motion was untimely, and the trial court lacked jurisdiction to consider his motion as a petition for postconviction relief.
 {¶ 10} Nevertheless, Elko argues that he is not claiming that he is entitled to be resentenced pursuant to the Foster decision. He also states that his right to be resentenced is not contingent upon the retroactivity of Foster or Blakely. Rather, Elko contends that because the relevant statutes under which he was sentenced were declared unconstitutional, his sentence is void ab initio, thereby invalidating his sentence. Essentially, Elko is purporting to make a direct attack on his sentence. In *Page 6 
support of his argument, Elko cites to cases that hold that an unconstitutional statute is void from its enactment, and he asserts a sentence made pursuant to such a provision is itself void.
 {¶ 11} Elko's extension of this argument is that the decision of the Ohio Supreme Court in State v. Foster rendered certain sentencing statutes unconstitutional and, therefore, void, so that the only appropriate remedy is to vacate his sentence and remand his case for resentencing. A similar argument was rejected in State v. Foti, Lake App. No. 2006-L-138, 2007-Ohio-887.
 {¶ 12} In Foti, the court specifically recognized that "The Ohio Supreme Court, in [State v.] Foster, expressly held that the `normal course' to be followed when a statute is deemed void `is to vacate that sentence and remand to the trial court for a new sentencing hearing.'"Foti, supra, quoting Foster, 109 Ohio St.3d at 31. Despite this, theFoti court emphasized that the remedy of vacating a sentence following the Foster decision is to be applied to only ?`those (cases) pending on direct review.'" Foti, supra, quoting Foster, 109 Ohio St.3d at 31. The court also recognized that other appellate courts have limited theBlakely and Foster holdings to cases pending on direct appeal.Foti, supra. Thus, the court rejected Foti's argument that his sentence should be vacated. Id. Likewise, the court found that Foti was not entitled to postconviction relief because the Blakely decision did not create a new federal or state constitutional right. Foti, supra. We agree with the Foti decision and apply the same logic to the instant matter. *Page 7 
 {¶ 13} As stated herein, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review.Booker, 543 U.S. 220. Similarly, in Foster, 109 Ohio St.3d 1, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Elko's case is before us on appeal from a denial of a petition for postconviction relief, not from direct appeal. As such, Elko has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for postconviction relief and has failed to meet the exceptions for filing an untimely petition. Accordingly, the trial court lacked jurisdiction to entertain the petition.
 {¶ 14} Elko's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1