JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Anthony Thurman, pro se, appeals from the judgment of the common pleas court granting plaintiff-appellee the State of *Page 3 
Ohio's motion for summary judgment and dismissing his petition for postconviction relief. We affirm.
 {¶ 2} On November 3, 1999, a Cuyahoga County Grand Jury indicted Thurman on six counts: carrying a concealed weapon, having a weapon while under a disability with a firearm specification, possession of crack cocaine with major drug offender and firearm specifications, preparation of drugs for sale with firearm and schoolyard specifications, possession of criminal tools, and possession of drugs with a firearm specification. A jury convicted Thurman of all counts and specifications and the trial court subsequently sentenced him to concurrent sentences on May 12, 2000.
 {¶ 3} On April 27, 2000, prior to trial, the schoolyard specification attached to the fourth count was dismissed upon motion by the State. Although the jury verdict did not include a reference to the schoolyard specification, due to a clerical error, the computer-generated journal entry regarding the verdict and sentencing inadvertently included that specification. On July 16, 2001, the trial court entered a nunc pro tunc entry as of April 27, 2000, to reflect the dismissal. This court subsequently affirmed Thurman's convictions. State v. Thurman (Oct. 25, 2001), Cuyahoga App. No. 78230.
 {¶ 4} On July 13, 2006, more than six years after he was sentenced, Thurman filed a petition for postconviction relief. In that petition, Thurman argued that he should be resentenced, because he was sentenced under R.C. *Page 4 2929.14(D)(3)(b), a statutory provision that allowed a trial court to enhance a major drug offender's sentence upon making certain findings, but which was subsequently declared unconstitutional in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. He further argued that he should be resentenced because the trial court's nunc pro tunc entry dismissing the schoolyard specification was an improper resentencing at which he should have been present.
 {¶ 5} The trial court subsequently granted the State's motion for summary judgment and dismissed Thurman's petition for postconviction relief. He appeals from that judgment and raises two assignments of error for our review. Neither has merit.
 {¶ 6} In his first assignment of error, Thurman argues that, in light of Foster, supra, the trial court erred in dismissing his petition. InFoster, the Ohio Supreme Court held that certain sections of Ohio's sentencing code, including R.C. 2929.14(D)(3)(b), were unconstitutional because they required judicial findings of fact not submitted to a jury or proved beyond a reasonable doubt before a court could impose certain sentences. To remedy Ohio's unconstitutional sentencing scheme, the Supreme Court excised the offending sections of the code and held that judicial factfinding is no longer required. The Supreme Court further ruled that cases "pending on direct review" when the Foster decision was announced should be remanded to the trial courts for resentencing. Id. at ¶ 104. *Page 5 
 {¶ 7} Thurman contends that his case should be remanded for resentencing under Foster. We disagree. First, his case was not pending on direct appeal when Foster was decided. Thus, the mandate ofFoster that cases "pending on direct review" be remanded for resentencing does not apply to him. Moreover, Thurman raised his argument regarding resentencing in a petition for postconviction relief filed more than six years after he was sentenced. Challenges to sentencing under Foster may be raised only on direct appeal, however, not in a petition for postconviction relief. State v. Steffen (1991),60 Ohio St.3d 151; State v. Carnail, Cuyahoga App. No. 86539,2006-Ohio-1246, at ¶ 18.
 {¶ 8} Appellant's first assignment of error is therefore overruled.
 {¶ 9} In his second assignment of error, Thurman contends that the trial court erred in dismissing his petition for postconviction relief because the nunc pro tunc entry journalized on July 16, 2001 was a resentencing at which he had a "fundamental right" to be present. Again we disagree.
 {¶ 10} The nunc pro tunc journal entry did not constitute a resentencing. It did not modify Thurman's sentence in any way; it merely corrected the record to reflect what had happened on April 27, 2000, prior to sentencing, which is a proper use of a nunc pro tunc order.State v. McCornell, Cuyahoga App. No. 81581, 2003-Ohio-2474. Because Thurman was not sentenced until May 12, 2000, his characterization of the entry as a resentencing is without merit. *Page 6 
 {¶ 11} Appellant's second assignment of error is overruled. Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P. J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1